BONNER D. SAWYER, ADMINISTRATOR OF THE ESTATE OF M. J. DAWSON, DECEASED, AND ODELL BARTLETT v. W. (WADE) W. WHITFIELD AND WIFE, MINERVA P. WHITFIELD.

(Filed 14 January, 1960.)

**1. Appeal and Error § 3—**

In an action by an administrator to recover the balance of the contract price for the construction of a house by his intestate, an order permitting plaintiff, after notice, to view the premises in order to ascertain the facts in regard to defendants' defense that the work was defective and not in accordance with the plans and specifications, is an interlocutory order and defendants' appeal therefrom will be dismissed as premature.

APPEAL by defendants from an interlocutory order entered by *McKinnon, J.,* June, 1959 Term, ORANGE Superior Court.

Civil action brought by the plaintiff to recover $4,000 alleged to be the balance due for work done by his intestate in the construction of a dwelling for the defendants who are in possession.

The defendants claimed payment had been made for all work done. As a further defense, they alleged the work was defective and not in accordance with the plans and specifications.

At the June, 1959 Term of Superior Court the plaintiff moved for, and obtained, an order requiring the defendants to admit three appraisers and one photographer into the building for the purposes of examining and inspecting the structure. As stated in the motion, the administrator had had no opportunity to inspect the building. The builder, his intestate, is dead. The presiding judge, in his discretion, entered an order permitting the examination to be made upon three days' notice to the defendants. They excepted to the order and appealed.

*Henry A. Whitfield, L. J. Phipps for defendants, appellants.*
*James R. Farlow for plaintiff, appellee.*

PER CURIAM. The builder was dead. The plaintiff, as administra-

tor, had no personal knowledge of the defects, if any, in the structure. The defendants were in possession. The court entered the order in its discretion. Besides, it is interlocutory and hence not appealable.

Appeal dismissed.