GODLEY AUCTION COMPANY, INC. v. WILLIAM EDWARD MYERS

No. 7820SC516

(Filed 3 April 1979)

**1. Appeal and Error § 6.6— denial of motions to dismiss—no immediate appeal**

No substantial right of defendant was impaired by the trial court's denial of his motion to dismiss under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim for relief and denial of his motion to dismiss under G.S. 1A-1, Rule 12(b)(7) for failure to join a necessary party, and defendant's purported appeal from the denial of his motions is dismissed as premature.

**2. Appeal and Error § 6.11— denial of motion to cancel notice of lis pendens—no immediate appeal**

An order denying a motion to cancel a notice of *lis pendens* is not immediately appealable where the property owner fails to show that a substantial right of his has been impaired.

APPEAL by defendant from *Walker, Judge.* Orders entered 18 April 1978 in Superior Court, UNION County. Heard in the Court of Appeals 6 March 1979.

Plaintiff filed a complaint alleging that it does business as "a firm of auctioneers" and that it entered into a contract with defendant in which it agreed to sell for defendant certain real property in Union County. The approximately 40 acres of land were to be sold in 5 separate parcels. On 6 August 1977 the plaintiff conducted an auction sale and defendant was present. The five parcels were sold at the auction to separate purchasers for a total sales price of $71,160.50 and each purchaser made a 10% deposit towards the purchase price. The balances were due in 30 days upon delivery of deed by defendant.

Plaintiff further alleged that deeds conveying the parcels were prepared and tendered to defendant for execution and all of the purchasers were ready to pay the balance of the purchase price to the defendant. The defendant refused to execute the deeds and convey the property. Under the terms of the contract between plaintiff and defendant, the defendant agreed to sell the property to the highest bidder and to deliver title to the purchaser free of all liens and encumbrances.

In the first count of the complaint, plaintiff alleged that its reputation as an auction business had been irreparably damaged

by defendant's refusal to sell because of a loss of public confidence. Such damage cannot be monetarily calculated; therefore, plaintiff prayed that defendant be required to specifically perform his contract.

In the second count of the complaint, plaintiff alleged that defendant agreed to pay plaintiff for services rendered a commission of 10% of the gross receipts of all sales made under the contract. The contract provided that the commission would be payable immediately following the sale. Defendant refused to pay and therefore is indebted to plaintiff for $7,116.05.

On 9 January 1978 plaintiff filed a notice of *lis pendens*, pursuant to G.S. 1-116, with respect to the land involved.

Defendant moved to dismiss the complaint for failure to state a claim for which relief can be granted under G.S. 1A-1, Rule 12(b)(6) and for failure to join a necessary party under the provisions of G.S. 1A-1, Rule 12(b)(7).

Defendant also moved to cancel the notice of *lis pendens* on the ground that it is unauthorized by statute.

Both motions were denied by the trial court. Defendant appealed.

*Griffin, Caldwell & Helder, by C. Frank Griffin and Sanford L. Steelman, Jr., for plaintiff appellee.*

*Wesley B. Grant, for defendant appellant.*

CARLTON, Judge.

Defendant assigns as error the denial of his motions to dismiss pursuant to G.S. 1A-1, Rules 12(b)(6) and 12(b)(7) and the denial of his motion for an order to cancel the notice of *lis pendens*. He argues, *praecipue*, that G.S. 1-116 does not authorize the filing of *lis pendens* in a suit by an auctioneer to recover his commission or to seek specific performance to compel the owner to convey, and that an auctioneer cannot enforce the sale of real property by an action for specific performance against his principal. We are unable to address the merits of defendant's contentions because his appeal is premature. The action must first run its course in the trial court.

Judicial judgments, orders and decrees are "either interlocutory or the final determination of the rights of the parties." G.S. 1A-1, Rule 54(a). The difference between the two was stated in *Veazey v. Durham*, 231 N.C. 357, 361, 57 S.E. 2d 377, 381 (1950):

A final judgment is one which disposes of the cause as to all parties, leaving nothing to be judicially determined between them in the trial court . . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. (Citations omitted.)

Justice Ervin then set out the rules regarding appeals, *id.* at 362, 57 S.E. 2d at 381-82:

1. An appeal lies . . . from a final judgment . . . .

2. An appeal does not lie . . . from an interlocutory order . . . unless such order affects some *substantial right* claimed by the appellant and *will work an injury to him* if not corrected before an appeal from the final judgment.

3. A nonappealable interlocutory order . . . which involves the merits and necessarily affects the judgment, is reviewable . . . on appropriate exception upon an appeal from the final judgment in the cause . . . . An earlier appeal from such an interlocutory order is fragmentary and premature, and will be dismissed. (Emphasis added.)

These rules derive in part from G.S. 1-277 and are embodied in part in the more recently enacted G.S. 7A-27.

"The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E. 2d 338, 343 (1978). "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E. 2d 669, 671 (1951).

"There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court

piecemeal through the medium of successive appeals from intermediate orders." *Veazey v. Durham, supra,* 231 N.C. at 363, 57 S.E. 2d at 382. *See also Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979).

[1] With the foregoing general rules in mind, we turn to defendant's contention that the trial court erred in denying his motions to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) and Rule 12(b)(7).

Ordinarily, there is no right of appeal from the refusal of a motion to dismiss. The refusal to dismiss the action generally will not seriously impair any right of defendant that cannot be corrected upon appeal from final judgment. 1 Strong, N.C. Index 3d, Appeal and Error, § 6.6, p. 200; *North Carolina Consumers Power, Inc. v. Duke Power Co.,* 285 N.C. 434, 206 S.E. 2d 178 (1974).

The trial court's refusal to allow defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to G.S. 1A-1, Rule 12(b)(6) did not put an end to the action or seriously impair any substantial right of defendant that could not be corrected upon appeal from final judgment.

Moreover, we do not find that any substantial right of the defendant has been impaired by the trial court's denial of the motion to dismiss for failure to join a necessary party pursuant to G.S. 1A-1, Rule 12(b)(7). G.S. 1A-1, Rule 12(h)(2) provides that this defense may be made at various stages up to and including "at the trial on the merits." The trial court did not rule that other parties were not necessary to be joined. It ruled that the action should not be *dismissed* for that purpose. Defendant still has adequate opportunity in the trial court for a determination on the question of joinder of parties.

We do note, however, that in considering a motion under Rule 12(b)(7), the court should determine if the absent party (ies) should be joined. If it decides in the affirmative, the court should order them brought into the action. *See, Carding Developments v. Gunter & Cooke,* 12 N.C. App. 448, 183 S.E. 2d 834 (1971); 5 Wright and Miller, Federal Practice and Procedure, § 1359, pp. 628, 631; Shuford, North Carolina Civil Practice and Procedure, § 12-11, p. 109.

[2]   Finally, we hold that defendant has failed to show that any substantial right of his has been impaired by the trial court's refusal to cancel the notice of *lis pendens*. He certainly has not shown that the trial court's interlocutory order "will work an injury to him if not corrected before an appeal from the final judgment." *Veazey v. Durham, supra* at 362, 57 S.E. 2d at 381. Therefore, appeal from this order is also premature.

If the record before us disclosed that defendant was seeking to sell the property, or, perhaps attempting to borrow money with the property serving as collateral, then we might be persuaded that the notice of *lis pendens* deprived him of a substantial right. The record however is barren of any such showing. The record does not indicate that the notice of *lis pendens* is harmful to defendant in any manner pending final determination of this action. Indeed, not only is there no indication that defendant desires to sell his property, but it is his very *refusal* to sell which constitutes the basis for the lawsuit.

Our research discloses no decision in any jurisdiction on the appealability of an order *denying* a motion to cancel a notice of *lis pendens*. For the reasons discussed above, we do not believe such an order to be immediately appealable where the property owner fails to show that a substantial right of his has been impaired.

Admittedly, the "substantial right" test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered. *Waters v. Personnel, Inc., supra* at 208, 240 S.E. 2d at 343.

We hold that the interlocutory orders of the trial court affect no substantial right of the defendant and will work no injury to him before an appeal from the final judgment. Defendant's appeal is therefore fragmentary and premature and is

Dismissed.

Judges VAUGHN and HEDRICK concur.