---
**Ball v. Ball**
---

---

TROY EUGENE BALL AND WIFE, SHIRLEY O. BALL v. REUBEN BALL, JR. AND WIFE, BETTY JUNE BALL

No. 8130DC322

(Filed 1 December 1981)

**Appeal and Error § 6.2— order allowing employment of surveyor—interlocutory appeal**

An order in a case concerning a reformation of a deed which allowed plaintiffs to employ a surveyor was interlocutory in nature since it did not finally dispose of the case and since it required further action by the trial court. Therefore, an appeal from the order was premature.

APPEAL by defendants from *McDarris, Judge.* Order signed 30 December 1980 in District Court, SWAIN County. Heard in the Court of Appeals 10 November 1981.

Plaintiffs filed a complaint seeking to reform a deed conveying land from defendants to plaintiffs, alleging that the deed did not correctly describe the land due to an error made by the surveyor. Plaintiffs moved for a court-appointed surveyor to accurately describe the lands intended to be conveyed, or, alternatively, moved that plaintiffs be allowed to employ a surveyor who would be provided with the protection of the court in the completion of the survey work.

On 30 December 1980, the court issued an order allowing plaintiffs to employ a surveyor and prohibiting defendants from interfering in any way with the surveying of the land. From this order, defendants appeal.

*McKeever, Edwards, Davis & Hays by Fred H. Moody, Jr., for plaintiff appellees.*

*Herbert L. Hyde for defendant appellants.*

CLARK, Judge.

The sole question presented by defendants is whether the lower court erred in entering the order allowing plaintiffs to survey on defendants' lands. However, the threshold question to be considered, although not argued by either party, is whether an appeal lies from Judge McDarris's order. While final judgments are always appealable, interlocutory decrees are immediately appealable only when they affect some substantial right of the appellant and will cause an injury to him if not corrected before an appeal from final judgment. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E. 2d 431 (1980); *Auction Co. v. Myers,* 40 N.C. App. 570, 253 S.E. 2d 362 (1979). *See* G.S. 1-277 and G.S. 7A-27(d).

Unquestionably, the order of Judge McDarris is interlocutory since it does not finally dispose of the case and requires further action by the trial court. We hold that the order does not affect any substantial right of defendants. Defendants are simply ordered to allow a neutral third party, a surveyor, to enter upon their land for the purpose of completing an accurate survey of the property. The interlocutory order, therefore, is not appealable. *See Sawyer v. Whitfield,* 251 N.C. 706, 111 S.E. 2d 874 (1960).

The appeal is

Dismissed.

Judges HEDRICK and MARTIN (Harry C.) concur.