WARREN HELMS AND JONNIE T. HELMS v. C. FRANK GRIFFIN, SUBSTITUTE
TRUSTEE, AND THE FEDERAL LAND BANK

No. 8220SC1068

(Filed 20 September 1983)

**Appeal and Error § 6.2— denial of preliminary injunction—interlocutory appeal**

An order denying plaintiffs' motion for preliminary injunction to enjoin
defendant from proceeding with the foreclosure of a deed of trust was in-
terlocutory since it did not finally dispose of the case and requires further ac-
tion by the trial court.

APPEAL by plaintiffs from *Mills, Judge*. Judgment entered 14
May 1982, amended by order 2 August 1982 denying plaintiffs'
motion for preliminary injunction, in Superior Court, UNION Coun-
ty. Heard in the Court of Appeals 30 August 1983.

The plaintiffs appeal from the trial court's order denying
their application for a preliminary injunction to enjoin the defend-
ant from proceeding with the foreclosure of a deed of trust ex-
ecuted by plaintiffs to the defendant C. Frank Griffin as trustee
for the defendant Federal Land Bank of Columbia. This Court has
earlier affirmed the trial court's decision allowing the defendants
to proceed in the foreclosure action. *See In Re Foreclosure of
Deed of Trust*, 55 N.C. App. 68, 284 S.E. 2d 553 (1981).

On 24 June 1969, the plaintiffs executed a promissory note in
the amount of $67,500 payable to the defendant Federal Land
Bank and a deed of trust to the defendant C. Frank Griffin, as
trustee for the defendant Federal Land Bank, to secure payment
of the note. The plaintiffs made the payments required by the
note, but failed to pay county property taxes for 1978 and 1979
totalling $2,203.03. The defendant Federal Land Bank paid the
taxes and then sought reimbursement from the plaintiff.

After no such reimbursement was forthcoming the defendant
Federal Land Bank sent the plaintiff a series of letters demanding
payment, culminating in a letter dated 21 August 1980, the con-
tents of which include the following:

This is to advise you that because of default in perform-
ing the terms of the note and the deed of trust relating to
the above loan, the Federal Land Bank of Columbia hereby

exercises its option provided in the note to declare the total outstanding indebtedness on your note now due and payable.

As a courtesy to you, and to avoid foreclosure action, I suggest you contact Mr. Larry W. Shoffner, president of the Federal Land Bank Association of Monroe, to discuss whether some acceptable arrangement can be made to meet the obligation.

Unless a satisfactory arrangement is made within the fifteen (15) days from the date of this letter, I shall proceed with foreclosure.

On 26 August 1980, the plaintiffs visited Larry Shoffner and were told that they would have to "catch the note up." The plaintiffs understood this to mean that they would have to reimburse the defendant Federal Land Bank for payment of the property taxes, so the plaintiff Warren Helms made arrangements to sell another tract of real estate he owned in order to make the reimbursement. During the week of 1 September 1980, however, the plaintiff Jonnie Helms called Shoffner to find out exactly how much was due for a complete reimbursement and was told that reimbursement would not be acceptable as foreclosure proceedings had begun. On 4 November 1980 formal foreclosure proceedings were instituted by the defendant C. Frank Griffin.

The plaintiffs applied for and received a temporary restraining order enjoining further foreclosure proceedings. An application for a preliminary injunction was subsequently denied, but the foreclosure sale was stayed pending appeal.

*Harry B. Crow, Jr. for plaintiff-appellants.*

*Donald C. Perry and H. Ligon Bundy for defendant-appellees.*

ARNOLD, Judge.

The plaintiffs contend that the trial court erred when it denied their motion for a preliminary injunction. We are not so persuaded.

However, the more important question before us is whether the order by the trial court is in fact appealable. An interlocutory order is immediately appealable only when it affects a substantial right of the appellant. *Ball v. Ball*, 55 N.C. App. 98, 284 S.E. 2d

---

---

555 (1981). *See* G.S. 1-277 and G.S. 7A-27(d). Since the sale was stayed pending appeal, we find that the order does not affect a substantial right of the plaintiff.

Moreover, in a case recently considered by the North Carolina Supreme Court in which a preliminary injunction had been denied at trial, the Court stated "in a case such as the one now under consideration, although involving a substantive right of the appealing party, where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time." *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 401, 302 S.E. 2d 754, 759 (1983). We agree. The order denying the plaintiffs' motion for a preliminary injunction is interlocutory since it does not finally dispose of the case and requires further action by the trial court. This appeal is

Dismissed.

Judges WELLS and EAGLES concur.