DAVID DECKER and wife SUSAN DECKER, Plaintiffs,
v.
HOMES, INC./CONSTRUCTION MANAGEMENT & FINANCIAL GROUP, an Indiana Corporation, DON JONES, in his Individual and official capacity, and BRUCE STORM, in his individual and official capacity. Defendants.
No. COA08-1553
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
The Dungan Law Firm, P.A., by Alicia Gaddy Vega, for plaintiffs-appellants.
Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr., for defendants-appellees.
ERVIN, Judge.
On 6 January 2004, David and Susan Decker (Plaintiffs) filed a complaint against Homes, Inc./Construction Management & Financial Group, an Indiana Corporation (Defendant Homes); Don Jones (Defendant Jones); and Don Heatherly (Defendant Heatherly) (collectively Defendants).[1] In their complaint, Plaintiffs asserted claims sounding in breach of contract, breach of warranty, negligence, fraud, unfair or deceptive trade practices, and slander of title and sought compensatory damages, punitive damages, and declaratory and injunctive relief. On 24 February 2004, Plaintiffs obtained entries of default against all Defendants as a result of their "fail[ure] to plead or otherwise defend . . . ."
On 6 April 2004, Plaintiffs filed a First Amended Complaint which added Bruce Storm (Defendant Storm) as an additional party defendant.[2] In addition to the allegations set out in the original complaint, Plaintiffs alleged in their amended complaint that the court should pierce the corporate veil with respect to Defendant Homes and asserted a civil conspiracy claim against the individual defendants. On 29 June 2004, plaintiffs obtained entries of default with respect to the amended complaint.
On 5 November 2004, Plaintiffs filed a Motion for Entry of Default Judgment and a Notice of Hearing indicating that Plaintiff's request for the entry of a default judgment would be heard on 15 November 2004. On 12 November 2004, Defendant Jones sent a letter to the court requesting a continuance of the 15 November 2004 hearing. Judge Ronald K. Payne of Buncombe County Superior Court denied Jones' request and entered a Default Judgment dated 16 November 2004 in which he ordered that "a Default Judgment on the issue of liability is entered in favor of Plaintiffs" against Defendants and directed that the matter "be scheduled for trial on the issue of damages at the January 18, 2005 trial term."
On 18 January 2005, Defendants made an appearance through counsel and filed a Motion to Set Aside Entry of Default and Default Judgment. In addition, Defendants made an oral motion to continue the scheduled proceedings. After Judge James U. Downs (the trial court) denied both of Defendants' motions, this case went to trial on the issues of the amount of damages and other relief that Plaintiffs should be awarded.
On 19 January 2005, a jury awarded Plaintiffs compensatory damages in the amount of $270,570.35, damages for unfair and deceptive trade practices in the amount of $107,408.71, and punitive damages in the amount of $250,000.00. On 24 January 2008, after Plaintiffs elected a treble damage remedy pursuant to N.C. Gen. Stat. § 75-16 in lieu of punitive damages, the trial court entered a judgment providing that Plaintiffs have and recover $592,796.48 from Defendants, jointly and severally; that interest be paid on the amount of the judgment at the legal rate from and after 6 January 2004; that the costs be taxed against Defendants; and that a claim of lien filed against Plaintiffs by Defendant Homes be cancelled.
On 3 February 2005, Defendants filed a Motion for New Trial, Relief from Judgment, and To Set Aside Default Judgment. On 21 March 2005, the trial court denied Defendants' post-judgment motions. Defendants noted an appeal to this Court from the judgment and from the orders denying their post-judgment motions entered by the trial court.
On 18 December 2007, this Court filed an opinion holding that the trial court had improperly applied the standard applicable to requests for relief from default judgments in evaluating Defendants' request to set aside the entries of default entered against them and remanding this case to the trial court for consideration of Defendants' motion to set aside the entries of default under the correct legal standard. Decker v. Homes, Inc., 187 N.C. App. 658, 667, 654 S.E.2d 495, 502 (2007). In the event that the trial court denied Defendants' motion to set aside the entries of default, this Court ordered a new trial on the issue of unfair and deceptive trade practice damages and punitive damages and required Plaintiffs to elect between the two remedies in the event that they were awarded both unfair and deceptive trade practice damages and punitive damages. Id.
On 24 March 2008, the trial court heard Defendants' motion to set aside the entries of default on remand and granted Defendants' request for relief from those entries of default. Plaintiffs noted an appeal to this Court from the trial court's order.
On appeal, plaintiffs argue that the trial court erred by granting Defendants' motion to set aside the entries of default on the grounds that they had not made the requisite showing of good cause. Before reaching the merits of Plaintiffs' challenge to the trial court's order, however, we must consider whether we have jurisdiction over this case, which involves a determination of whether the order in question is immediately appealable.
As a general proposition, only final judgments are subject to review on appeal. N.C. Gen. Stat. § 7A-27(b). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E. 2d 431, 433 (1980), (quoting Veazey v. Durham, 231 N.C. 357, 361-2, 57 S.E. 2d 377, 381 (1950)). An interlocutory order, on the other hand, "does not determine the issues but directs some further proceeding preliminary to final decree." Waters v. Qualified Personnel, Inc., 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (citing Greene v. Laboratories, Inc., 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961)). An order setting aside an entry of default is not a final judgment. Instead, such an order is interlocutory in nature. State Employees' Credit Union, Inc. v. Gentry, 75 N.C. App. 260, 265, 330 S.E.2d 645, 648 (1985). In fact, an order setting aside an entry of default is the virtual poster child for interlocutory orders given that many additional steps will have to occur before Plaintiffs' claims are resolved at the Superior Court level. As a general proposition, the patently interlocutory nature of an order setting aside an entry of default precludes immediate appellate review of such orders. Pioneer Acoustical Co. v. Cisne & Associates, Inc., 25 N.C. App. 114, 212 S.E.2d 402 (1975).
An interlocutory order is immediately appealable pursuant to N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(d)(1) when the order in question affects a substantial right and will result in injury to the appealing party if it is not corrected before the entry of final judgment.[3]Blackwelder v. State Dep't of Human Resources, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). Although Plaintiffs concede that neither avoiding a rehearing or a new trial, Blackwelder, 60 N.C. App. at 336, 299 S.E.2d at 781; Howard v. Ocean Trail Convalescent Ctr., 68 N.C. App. 494, 495, 315 S.E.2d 97, 99 (1984); Davis v. Mitchell, 46 N.C. App. 272, 274, 265 S.E.2d 248, 250 (1980), nor having all of one's claims heard in a single proceeding, J & B Slurry Seal Co. v. Mid-South Aviation, Inc., 88 N.C. App. 1, 6, 362 S.E.2d 812, 816 (1987), affects a substantial right as a general proposition, they contend that the trial court's order affects a substantial right and should be subject to immediate appeal since they have "the right to avoid the possibility of two trials on the same issues . . . ." (emphasis in original). Although Plaintiffs cite a number of decisions in support of this proposition, McCutchen v. McCutchen, 360 N.C. 280, 624 S.E.2d 620 (2006) (substantial right affected when trial court's order granting summary judgment on alienation of affection claim while criminal conversion claim involving same issues remain unresolved affected a substantial right); Hartman v. Walkertown Shopping Ctr., 113 N.C. App. 632, 439 S.E.2d 787 (1994), dis. rev. denied 336 N.C. 780, 447 S.E.2d 422 (1994) (trial court's order granting summary judgment in favor of one defendant while leaving claims against other defendants unadjudicated created a risk of inconsistent verdicts and, therefore, affected a substantial right); Allen v. Sea Gate Ass'n, 119 N.C. App. 761, 460 S.E.2d 197 (1995) (where there are issues of fact common to the claim appealed and remaining claims, a substantial right is affected); Taylor v. Brinkman 108 N.C. App. 767, 425 S.E.2d 429, dis. rev. denied 333 N.C. 795, 431 S.E.2d 30 (1993) (trial court's order creating possibility of inconsistent verdicts involving identical issues of fact affects a substantial right); Whitehurst v. Corey, 88 N.C. App. 746, 364 S.E.2d 728 (1988) (trial court's order granting summary judgment on claim arising under note while related breach of fiduciary duty issue unresolved affected a substantial right); J & B Slurry Seal Co. v. Mid-South Aviation, Inc., 88 N.C. App. 1, 362 S.E.2d 812 (1987) (immediate appeal allowable where the presence of identical factual issues in different proceedings poses a risk of inconsistent verdicts); Estrada v. Jaques, 70 N.C. App. 627, 321 S.E.2d 240 (1984) (trial court's order dismissing informed consent claim while negligence claim involving the same issues of fact remained undecided affected a substantial right), none of them support allowing an immediate appeal in this instance.
At bottom, establishing the existence of a "substantial right" of the type claimed by Plaintiffs involves proof that "the same issues will be present in both trials, creating the possibility that a party will be prejudiced by different juries in different trials rendering inconsistent verdicts on the same factual issue." Green v. Duke Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). According to the Plaintiffs, such a risk arises from the possibility that the jury at a second trial resulting from the striking of the entries of default will render a verdict on the compensatory damages issue that differs from the compensatory damage verdict returned at the earlier damage inquiry, which this Court left undisturbed at the conclusion of the prior appeal. We do not find this argument persuasive.
The effect of the trial court's order setting aside the entries of default entered against Defendants is to vacate the judgment that was previously entered in this proceeding and reopen the issues of both damages and liability. Thus, assuming that this case proceeds to a new trial in the aftermath of the trial court's decision to set aside the entries of default, the jury will render a verdict on the issues of both liability and damages. Although there is certainly a risk that the jury at the second trial will award a different amount of compensatory damages than was awarded at the first trial, Plaintiffs will not have been harmed by that result even if the trial court erred by setting the entries of default aside, since this Court can reverse that decision on appeal and reinstate the original compensatory damages award. As a result, there is no risk that Plaintiffs will sustain injury stemming from inconsistent verdicts in this case, since their "rights `would be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment.'" Horne v. Nobility Homes, Inc., 88 N.C. App. 476,477, 363 S.E.2d 642, 643 (1988) quoting Bailey, 301 N.C. at 210, 270 S.E.2d at 434.
Plaintiffs also contend that the trial court's order setting aside the entries of default against Defendants is subject to immediate appeal because it "[g]rants or refuses a new trial." N.C. Gen. Stat. § 7A-27(d)(4). See also N.C. Gen. Stat. § 1-277(a). According to Plaintiffs, since the trial court's order means that "the case will likely proceed to trial for a second time on the issues of both liability and damages," "it has the same ultimate effect" as an order granting a new trial. Although we have not been able to find any prior decisions of this Court or the Supreme Court addressing the issue of whether an order setting aside an entry of default is tantamount to the granting of a new trial and, therefore, immediately appealable, we do not believe that such an order should be treated as immediately appealable given the facts and circumstances at issue here.
The trial court's order setting aside the entries of default that had been entered against Defendants did not represent an exercise of its authority under N.C. Gen. Stat. § 1A-1, Rule 59. Instead, the trial court's order was entered in compliance with the mandate of this Court to reconsider "whether defendants have shown good cause to set aside the default" using the proper legal standard. Decker, 187 N.C. App. at 662, 654 S.E.2d at 499. As Defendants note in their brief, this Court could not help but have realized that, in the event that the trial court granted Defendants' motion to set aside the entries of default, a new trial would inevitably result. Thus, instead of constituting an exercise of the trial court's authority to grant a new trial, which would be subject to immediate appeal pursuant to N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(d)(4), the trial court's order represented nothing more than compliance with this Court's mandate, which is not an action that is subject to immediate appeal. As a result, we conclude that the trial court's order setting aside the entries of default is not immediately appealable as tantamount to an order granting or denying a new trial.[4]
As a general proposition, the statutory provisions precluding appeals from interlocutory orders "are designed to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and . . . ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." Bailey, 301 N.C. at 209, 270 S.E.2d at 434. As a result of the fact that Plaintiffs have provided no justification for declining to enforce the general rule precluding immediate appeals from such orders in this instance, their appeal from the trial court's order setting aside the entries of default entered against Defendants should be, and hereby is, dismissed.
DISMISSED.
JUDGES McGEE and JACKSON concur.
Report Per Rule 30(e).
NOTES
[1] Plaintiffs voluntarily dismissed the complaint against Defendant Heatherly on 16 November 2004 after receiving notice that he had filed a bankruptcy petition. References to "Defendants" in this opinion relating to events that occurred on and after 16 November 2004 should be understood to exclude Defendant Heatherly.
[2] References to "Defendants" in this opinion relating to events that occurred on or after 6 April 2004 should be understood to include Defendant Storm.
[3] No issue of appealability under N.C. Gen. Stat. § 1A-1, Rule 54(b) has arisen in this case, so we will focus our analysis solely upon the issue of whether this case is immediately appealable pursuant to N.C. Gen. Stat. § 1-277(a) or N.C. Gen. Stat. § 7A-27(d).
[4] This Court's decision in Horne, 88 N.C. App. at 477-478, 363 S.E.2d at 643, to the effect that an order setting aside a default judgment was not immediately appealable, while not directly on point, is consistent with our resolution of the "new trial" issue. A default judgment, of necessity, involves proceedings similar, if not identical, to those that would occur at a trial, such as an inquiry into the amount of damages that should be awarded to the plaintiff. Although the issue addressed in Horne was whether the trial court's order affected a substantial right, the fact that this Court did not permit an immediate appeal in that instance suggests that such an immediate appeal should not be allowed in this instance either.