PHYLLIS FORD, GEORGE S. BASON, JR., ANTHONY J. D'ANNA, SANDRA BASON, BARBARA D'ANNA, JAMES LIDDLE, ED MORRAH, PETA CLAYTON, BRAD CLAYTON, CAROL K. NORTON, ROBERT O. EVERETT, BARBARA EVERETT, DENNIS ANDREWS, JANET R. ANDREWS, JAMES GOODSON, JAMIE GOODSON, CHARLES M. PRINCELL, ERNEST W. CRAWFORD, WENDY S. TAYLOR, EVELYN BALL, R.T. BALL, PAULA S. HALL, MARK A. RUMLEY, CATHY K. RUMLY, JAMES R. McADAMS, ANN TROLLINGER, STAN MORGAN, PAT MORGAN, J. MICHAEL ELLIS, ELEANOR THOMPSON, GWEN HOYT, JAMES K. PRUITT, G.D. DODSON, JR., MYLES S. BEAMAN, CAROLYN M. BEAMAN, MARIE B. CHAVIS, WARNER L. CHAVIS, JR., MARYLIN S. SAVERY, REX T. SAVERY, JR., ANDREW L. PRYCE, REBECCA A. PRYCE, WILBUR SUGGS, HOWARD M. MALINSKI, HAROLD AYSCUE, MARVIN RAYE McINTYRE, PATRICIA McINTYRE, MARY ANN LAKE, CHARLES E. LAKE, AMOS FISHER, VICKY FRYE, JEAN PRUITT, RONALD WITHERBY, LOIS WITHERBY, RUSSELL JOHNSON, BETH JOHNSON, THOMAS GLENN, EMILY T. AYSCUE, TOMMY LOY, SHEILA LOY, VIRGINIA GAIL MILLER, RALPH WADLINGER, LINDA HIGGINS, MARY LEE MALINSKI, RONALD W. SORRELL, RICHARD HATCHER, BETTY HATCHER, INGSBORG WARSCHKOW, RONALD LEE NORTON, JACQUELINE HEADEN, WADE L. HEADEN, TINA WALLACE, DUNCAN WALLACE, PATRICIA LORENZ, PATRICIA S. GUMULA, MICHAEL G. GUMULA, JANET NAVE, EDWARD MACHESKI, VICKI COON, DOUG COON, L.G. YOUNTS, WILLIAM H. RITTER, EMILY AYSCUE, U. DEAN HALL, BENNIE HALL, AND JEFFREY D. HALL, PLAINTIFFS v. WILL C. MANN, VIRGINIA M. MANN, OPEN GOLF CENTER, LLC, CEDAR FOREST ASSOCIATES I, LLC, CEDAR FOREST ASSOCIATES II, LLC, EULISS, INC., TAR HEEL LAND GROUP, LLC, SUNTRUST BANK, VANTAGESOUTH BANK, CAPITAL BANK, AS SUCCESSOR TO FINANCIAL FIRST FEDERAL SAVINGS BANK, AND JIHHAD LIBBUS, PIEDMONT CRESCENT COUNTRY CLUB, INC., AND THE TOWN OF SWEPSONVILLE, NORTH CAROLINA, A NORTH CAROLINA MUNICIPAL CORPORATION, DEFENDANTS

No. COA09-677

(Filed 5 January 2010)

**Appeal and Error— interlocutory order—failure to show substantial right**

Plaintiffs' appeal from the trial court's interlocutory order dismissing their claims as to only the Euliss defendants and striking plaintiffs' notice of *lis pendens* only as to the Euliss defendants' property was dismissed because it did not dispose of all claims and defendants, and plaintiffs failed to demonstrate it affected a substantial right.

Appeal by plaintiffs from order entered 15 December 2008 by Judge Abraham Penn Jones in Alamance County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Derek J. Allen and Andrew T. Tripp, for plaintiff-appellants.*

*Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill and Zipporah B. Edwards, for defendant-appellees Tar Heel Land Group, LLC, VantageSouth Bank, and SunTrust Bank.*

*Sparrow Wolf & Dennis, P.A., by Donald B. Sparrow, James A. Gregorio, and J. Michael Thomas, for defendant-appellees Euliss, Inc. and SunTrust Bank.*

STEELMAN, Judge.

Where the trial court dismissed plaintiffs' claims as to only the Euliss defendants and struck plaintiffs' notice of *lis pendens* only as to the Euliss defendants' property, the order is interlocutory. Since plaintiffs failed to demonstrate that the order affected a substantial right, this appeal must be dismissed.

## I. Factual and Procedural Background

On 26 March 2008, plaintiffs filed a complaint against a number of defendants, which included defendants Euliss, Inc., Tar Heel Land Group, LLC, SunTrust Bank, and VantageSouth Bank (Euliss defendants). This appeal pertains only to the dismissal of plaintiffs' claims against the Euliss defendants, and our discussion of the factual and procedural background will focus primarily on the claims against those parties.

Plaintiffs' complaint alleged that plaintiffs are owners of "real property adjacent to or in the vicinity of" a certain tract of land located in Alamance County containing approximately 170 acres, including a golf course and club house and being formerly known as Piedmont Crescent Country Club (Club). In 1985, Club conveyed the property to defendant Will C. Mann (Mann), upon the condition that Mann would continue to operate the property as a golf course. Simultaneously with the 1985 deed, Mann gave Club the option to repurchase the property for three years, and a right of first refusal to purchase the property until 4 April 2005. In 1995, Mann and Club executed an agreement terminating the reversionary rights contained in the 1985 documents, and simultaneously executed a Declaration of Covenants, Conditions, and Restrictions upon the property. Mann also executed and recorded at that time a right of first refusal for the property through 2015 to the "Quarry Hills Advisory Board," an entity that the complaint acknowledges was not in existence at that time.

In 2004, Mann amended the restrictions to limit their applicability to the portion of the property used for the golf course. At that time, the right of first refusal was modified to limit its application to the golf course, and to shorten its expiration date to 4 April 2005. In 2005, a second amendment to the restrictions was recorded that permitted Mann to relocate the golf course to other portions of the property. In 2006, a portion of the property was conveyed to defendant Cedar Forest Associates I (Cedar). In 2006, Mann and Cedar recorded a Termination of Restrictive Covenants. On 13 December 2006, Cedar conveyed a portion of the property to defendant Euliss, Inc. (Euliss). Euliss executed a deed of trust in favor of defendant SunTrust Bank, secured by a portion of the property. On 4 May 2007, Mann conveyed a portion of the property to defendant Tar Heel Land Group, LLC (Tar Heel). Tar Heel executed a deed of trust in favor of defendant VantageSouth Bank, secured by a portion of the property. Club was administratively dissolved on 9 June 2005.

Plaintiffs' complaint alleged that they are the intended beneficiaries of the restrictions placed upon the property, that the restrictions were improperly terminated, and that the parties to whom Mann conveyed portions of the property are "not intending to use the Property for the purposes originally intended in the 1985 Deed, the 1995 Declaration and the Agreement." Plaintiffs seek a declaration that the first amendment, second amendment, and termination of the restrictions are invalid, and that the property is subject to the 1985 and 1995 restrictions. Plaintiffs seek monetary damages for breach of contract and unjust enrichment from Mann. Plaintiffs filed a notice of *lis pendens* on the property.

On 30 July 2008, the Euliss defendants all served motions to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and to cancel the *lis pendens*. On 15 December 2008, Judge Jones' order was filed, dismissing plaintiffs' claims as to all of the Euliss defendants and striking the *lis pendens* as to property owned by Euliss and Tar Heel. Plaintiffs appeal.

## II. Appeal of Interlocutory Order

Appeals from the trial division in civil cases are permitted only by statute. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Appeals from interlocutory orders are only permitted in exceptional cases where a party can demonstrate that the order affects a substantial right under N.C. Gen.

## FORD v. MANN

[201 N.C. App. 714 (2010)]

Stat. § 1-277.[1] *See id.; Parrish v. R.R.*, 221 N.C. 292, 296, 20 S.E.2d 299, 302 (1942); *Cole v. Trust Co.*, 221 N.C. 249, 251, 20 S.E.2d 54, 55 (1942); *Hosiery Mill v. Hosiery Mills*, 198 N.C. 596, 598, 152 S.E. 794, 795 (1930); *Leak v. Covington*, 95 N.C. 193, 195 (1886); *Welch v. Kinsland*, 93 N.C. 281, 282 (1885). A party is not permitted to appeal an interlocutory order because they believe that the ruling places them at a tactical disadvantage at the trial of the case. Nor is an order appealable because all the parties wish to have it appealed. The parties cannot by consent confer jurisdiction of a non-appealable interlocutory order upon the appellate courts. *See Wiggins v. Insurance Co.*, 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969) ("Jurisdiction cannot be conferred by consent where it does not otherwise exist . . . ." (citation omitted)). To be appealable, the appellant must be able to clearly articulate why the order affects a substantial right as provided in N.C. Gen. Stat. § 1-277. The reason for this rule was set forth by Justice Ervin in *Veazey v. Durham*:

> There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, *i.e.*, to administer "right and justice . . . without sale, denial, or delay." N.C. Const., Art. I, Sec. 35.

*Veazey, supra* at 363-64, 57 S.E.2d at 382. Interlocutory appeals, in addition to delaying the final resolution of the cases, impose a substantial financial burden upon all the litigants involved.

Rule 28(b) of the North Carolina Rules of Appellate Procedure has a specific provision dealing with interlocutory appeals:

> (b) *Content of appellant's brief.* An appellant's brief in any appeal shall contain, under appropriate headings and in the form prescribed by Rule 26(g) and the Appendixes to these rules, in the following order:
>
> . . . .
>
> (4) *A statement of the grounds for appellate review.* Such statement shall include citation of the statute or statutes permitting

---

1. We note that there was no certification of the order of the trial court pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

appellate review. . . . When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

N.C.R. App. P. 28(b)(4) (2009).

Since the order before us did not dispose of all claims and defendants, it is interlocutory. *See Daily v. Popma*, 191 N.C. App. 64, 67, 662 S.E.2d 12, 15 (2008) (holding the order granting the defendant's motion to dismiss was an interlocutory order because plaintiff's claims against the other defendant remained pending); *Pratt v. Staton*, 147 N.C. App. 771, 773, 556 S.E.2d 621, 623 (2001) ("An order . . . granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order.").

Plaintiffs set forth two bases for their assertion that Judge Jones' interlocutory order is appealable under N.C. Gen. Stat. § 1-277. First, they contend that the striking of the *lis pendens* affects a substantial right. Second, they contend the order forecloses "their effort to obtain relief as to the real property owned by Defendant-Appellees and finally determines the action as to Defendant-Appellees—namely, the enforceability of the land-use restrictions at issue here." Plaintiffs cite no case authority in support of their arguments for the appealability of the trial court's order. *See* N.C.R. App. P. 28(b)(6). Plaintiffs do not assert that Judge Jones' ruling exposes them to a possibility of inconsistent verdicts. It is not the responsibility of the appellate courts to research and create arguments to support an appellant's right to appeal from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). We thus limit our analysis to the arguments made by plaintiffs.

In *Auction Co. v. Myers*, 40 N.C. App. 570, 253 S.E.2d 362 (1979), Godley Auction Company, Inc. sought to compel the owner of real estate to convey real estate to the purchaser at an auction sale conducted by Godley. *Id.* at 570-71, 253 S.E.2d at 363. Incident to the complaint, a notice of *lis pendens* was filed on the real estate. *Id.* at 571, 253 S.E.2d at 363. The defendant filed motions to dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Rules of Civil Procedure, and a motion to strike the *lis pendens*. *Id.* All motions were denied by the trial court, and the defendant appealed. *Id.* This Court dismissed the appeal as interlocutory. *Id.* at 574, 253 S.E.2d at 365.

FORD v. MANN

[201 N.C. App. 714 (2010)]

In discussing the notice of *lis pendens*, this Court held that

defendant has failed to show that any substantial right of his has been impaired by the trial court's refusal to cancel the notice of *lis pendens*. He certainly has not shown that the trial court's interlocutory order "will work an injury to him if not corrected before an appeal from the final judgment."

*Id.* (quotation omitted). We hold that in the instant case, plaintiffs have also failed to show the impairment of a substantial right that would be lost absent immediate appeal. In their brief, plaintiffs allege that both Euliss and Tarheel "have constructed single-family residences on portions of the golf course and in the line of play of the driving range" and that "two tennis courts, the swimming pool, the driving range, the Number 1 Green and the Number 9 tee box all have been destroyed." This construction has already occurred and cannot be the basis of the impairment of a substantial right. No facts are recited or arguments made in plaintiffs' brief that show the Euliss defendants intend to immediately develop their property further in a manner contrary to the 1985 and 1995 restrictions. N.C.R. App. P. 28(b)(4). Plaintiffs have failed to demonstrate a substantial right supporting the immediate appealability of the trial court's order.

As to plaintiffs' argument that they will not be able to obtain relief sought as to the property owned by the Euliss defendants, there has been no showing that they cannot obtain the relief sought through an appeal taken at the conclusion of the case. *See Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 194, 540 S.E.2d 324, 328 (2000) ("If appellant's rights 'would be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment,' there is no right to an immediate appeal." (quotations omitted)).

This appeal is interlocutory and must be dismissed.

DISMISSED.

Judges ELMORE and HUNTER, JR., Robert N. concur.