IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-458

No. COA21-503

Filed 5 July 2022

Pender County, No. 20 CVS 752

LT. COL. DONALD SULLIVAN, Plaintiff,

v.

PENDER COUNTY, INCORPORATED, Defendant.

Appeal by Plaintiff from Order entered 21 January 2021 by Judge Phyllis M. Gorham in Pender County Superior Court. Heard in the Court of Appeals 9 March 2022.

*Lt. Col. Donald Sullivan, pro se, for plaintiff-appellant.*

*Carl W. Thurman, III for defendant-appellee.*

HAMPSON, Judge.

¶ 1 Lt. Col. Donald Sullivan (Plaintiff) appeals from the trial court's 21 January 2021 Order which granted a Motion to Set Aside Entry of Default entered against Pender County, Incorporated (Defendant). Because an order setting aside an entry of default is an interlocutory order and we conclude Plaintiff has not identified any substantial right that would be lost absent an immediate appeal which might otherwise give rise to a right to appeal the trial court's interlocutory order, we dismiss Plaintiff's appeal. The Record tends to reflect the following:

## **Factual and Procedural Background**

On 28 August 2020, Plaintiff filed a Complaint seeking reimbursement of taxes Plaintiff claimed are illegally collected by Defendant and injunctive relief restraining Defendant from the assessment and collection of property taxes. On 7 October 2020, Defendant filed an Answer to the Complaint. On 12 October 2020, Plaintiff filed a Motion captioned Motion for Default Judgment. On 13 October 2020, an Assistant Clerk of Superior Court for Pender County entered an Order allowing Plaintiff's Motion pursuant to Rule 55(a) of the North Carolina Rules of Civil Procedure, which governs entry of default. On 8 December 2020, Defendant filed a Motion to Set Aside Default and in the Alternative Motion to Enlarge Time which sought to deem the 7 October 2020 Answer timely filed. Following a 19 January 2021 hearing, the trial court entered its Order Granting Defendant's Motion to Set Aside Entry of Default. The trial court determined good cause had been shown to set aside entry of default in that the clerk did not have authority to enter default after the Answer had been filed and that Defendant had made a mistake as to when the Answer was due. The trial court also ruled Plaintiff would not be prejudiced by setting aside entry of default. On 16 February 2021, Plaintiff filed written Notice of Appeal to this Court from the trial court's Order Granting Defendant's Motion to Set Aside Entry of Default.

## **Appellate Jurisdiction**

Before we can reach the merits of this appeal, we must first examine whether

this appeal is properly before this Court such that we have authority to reach the merits. This is so because: "Appeals from the trial division in civil cases are permitted only by statute." *Ford v. Mann*, 201 N.C. App. 714, 716, 690 S.E.2d 281, 283 (2010).

¶ 4 As a general matter, with certain exceptions not applicable here: "appeal lies of right directly to the Court of Appeals . . . from any final judgment of a superior court." N.C. Gen. Stat. § 7A-27(b)(1) (2021). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Whereas, "an interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.*

¶ 5 Generally, there is no right to appeal from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). However, a party may appeal an interlocutory order "where delaying the appeal will irreparably impair a substantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999) (citation omitted); see N.C. Gen. Stat. §§ 1A-1, Rule 54(b), 1-277, 7A-27(d) (2021). "It is the appellant's burden to present appropriate grounds for . . . acceptance of an interlocutory appeal . . ." *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218, 794 S.E.2d 497, 499 (2016).

¶ 6 Here, Plaintiff seeks an immediate appeal of an Order Granting Defendant's

Motion to Set Aside Entry of Default. An order setting aside an entry of default previously entered pursuant to Rule 55(a) of the Rules of Civil Procedure is interlocutory. *Pioneer Acoustical Co. v. Cisne & Assocs., Inc.*, 25 N.C. App. 114, 114, 212 S.E.2d 402, 403 (1975).[1] Thus, as a general principle, Plaintiff has no right to an immediate appeal of this interlocutory order.

¶ 7     Plaintiff acknowledges the interlocutory nature of the Order Granting Defendant's Motion to Set Aside Entry of Default. Nevertheless, Plaintiff asserts the Order affects a substantial right justifying his immediate appeal in this case. Plaintiff contends the Order setting aside the entry of default had the effect of overruling a final judgment. Plaintiff, however, confuses the entry of default under Rule 55(a) of the North Carolina Rules of Civil Procedure—what is at issue here— and a final default judgment under Rule 55(b) of the North Carolina Rules of Civil Procedure. "The entry of default, which is the first step, is interlocutory in nature and is not a final judicial action." *State Emps.' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 265, 330 S.E.2d 645, 648 (1985) (citation omitted). Thus, Plaintiff's contention here is unavailing.

---

[1] A panel of this Court has previously observed: "In fact, an order setting aside an entry of default is the virtual poster child for interlocutory orders given that many additional steps will have to occur before Plaintiffs' claims are resolved at the Superior Court level." *Decker v. Homes, Inc./Constr. Mgmt. & Fin. Grp.*, 197 N.C. App. 628, 680 S.E.2d 270 (2009) (unpublished).

¶ 8        Plaintiff further contends the Order setting aside the entry of default impacted his rights as an adverse ruling over the trial court's jurisdiction over Plaintiff's person and property. This contention is without merit as, again, the trial court's decision is interlocutory and not a final judgment on the merits. Moreover, in setting aside the entry of default, the trial court will continue to exercise jurisdiction over this matter pending a final determination on the merits of Plaintiff's case. We, therefore, reject Plaintiff's contention in this regard.

¶ 9        Finally, Plaintiff has failed to show any merit in this interlocutory appeal. Plaintiff obtained entry of default after the filing of Defendant's albeit untimely Answer. However:

> default may not be entered if an answer has been filed, even if the answer is deficient in some respect. *Peebles v. Moore*, 302 N.C. 351, 275 S.E.2d 833 (1981) (no default judgment could be entered by clerk even though answer not timely filed); *Rich v. Norfolk Southern Railway Co.*, 244 N.C. 175, 92 S.E.2d 768 (1956) (unverified answer precluded entry of default judgment); *Bailey v. Davis*, 231 N.C. 86, 55 S.E.2d 919 (1949) (no default judgment could be entered by clerk even though answer not timely filed).

*N. Carolina Nat. Bank v. Virginia Carolina Builders*, 307 N.C. 563, 568, 299 S.E.2d 629, 632 (1983).

¶ 10        Thus, Plaintiff's appeal in this case is interlocutory and does not affect a substantial right. Therefore, we are without jurisdiction to review this matter on immediate appeal. Consequently, we must dismiss Plaintiff's appeal.

## **Conclusion**

¶ 11    Accordingly, for the foregoing reasons, Plaintiff's appeal is dismissed.

APPEAL DISMISSED.

Judges DILLON and WOOD concur.