BOARD OF LIGHT AND WATER COMMISSIONERS OF THE CITY OF CONCORD v. PARKWOOD SANITARY DISTRICT, RICHARD KEASLER, BENNY WEAVER AND ARCHIE BARNHARDT

No. 8019SC351

(Filed 4 November 1980)

**Injunctions § 3– improper preliminary mandatory injunction**

The trial court erred in entering a preliminary mandatory injunction requiring defendant sanitary district to pay arrearages for past sewage and water services furnished by plaintiff city and to continue paying for such services in the future since plaintiff has an adequate remedy at law for money damages, injuries to plaintiff are not so pressing, immediate, irreparable and clearly established as to justify a preliminary mandatory injunction, and plaintiff had a right under its contract with defendant, which it waived, to discontinue supplying water to defendant upon nonpayment of water or sewage charges.

APPEAL by defendants from *Davis, Judge*. Order filed 25 January 1980 in Superior Court, CABARRUS County. Heard in the Court of Appeals 9 October 1980.

Plaintiff, Board of Light and Water Commissioners of the City of Concord (hereinafter "Board"), brings this action to recover payment for water and sewage services rendered by Board to defendants, and for a mandatory injunction to compel defendants to pay plaintiff the amount of charges billed and due for the utility services so rendered. The defendant Parkwood Sanitary District (hereinafter "Parkwood") is a municipal corporation furnishing sewage and water services on a retail basis to residents of Parkwood, which is contiguous to the city of Concord. The individual defendants are members of the Board of the Parkwood Sanitary District.

Parkwood has filed an answer to plaintiff's complaint and a response to the motion for a preliminary injunction. In substance, Parkwood denies that it is indebted to plaintiff and contends that plaintiff has an adequate remedy at law in an action for money due and therefore a preliminary injunction is improper. Defendant Parkwood also counterclaims for overcharges allegedly made by plaintiff. Parkwood contends this resulted from a failure of plaintiff to accurately allocate sewage charges between Parkwood and Royal Oaks Sanitary District. Plaintiff had entered into a contract to provide sewage services for Royal Oaks, a district adjoining Parkwood. Parkwood and Royal Oaks were served through a common sewage line at their boundary.

Since 31 August 1959, plaintiff has been furnishing water and sewage services to Parkwood under a contract which provides, in part, that plaintiff may discontinue supplying water because of nonpayment of water or sewage charges. At the hearing, plaintiff's evidence showed Parkwood owed plaintiff $55,361.91. On 11 January 1980 Parkwood delivered $23,052.58 to plaintiff as an advancement, without prejudice, on any amount it might owe plaintiff.

The trial court entered an order containing the following findings: Parkwood owed plaintiff $55,361.91 for services through December 1979 and there was no issue as to the propriety of these charges. Prior to November 1978 plaintiff billed Parkwood for one-third of the sewage charges and Royal Oaks for two-thirds of the charges. The Board does not furnish any water to Royal Oaks. Beginning November 1978, at the request of Parkwood, the Board billed Parkwood for all the sewage

charges and Parkwood billed Royal Oaks for a portion of the charges under an agreement between them. Royal Oaks has held in escrow amounts due for sewage services rendered to it since September 1979 and should be a party to the action. Parkwood has continued to collect from its customers for services rendered during the period in dispute. It would be hazardous to the health of Parkwood's customers to discontinue the water and sewage services. Plaintiff has no adequate remedy at law and an injunction should issue requiring Parkwood to pay the charges to plaintiff pending the outcome of this action. Parkwood's counterclaim concerns alleged overpayments prior to November 1978.

A preliminary injunction was issued requiring Parkwood to pay all charges in arrears and to continue to pay for the water and sewage services pending further orders of the court. Plaintiff was restrained from discontinuing sewage and water services to Parkwood pending further order of the court. From this order, defendants appeal.

*Williams, Willeford, Boger, Grady & Davis, by Samuel F. Davis, Jr. and John Hugh Williams, for plaintiff appellee.*

*Hartsell, Hartsell & Mills, by William L. Mills, Jr., Fletcher L. Hartsell, Jr., and William L. Mills III, for defendant appellants.*

MARTIN (Harry C.), Judge.

Defendants argue that the trial court erred in entering the preliminary injunction. Injunction is an equitable remedy exercised *in personam* and will be granted only when irreparable injury is both real and immediate. *Membership Corp. v. Light Co.*, 256 N.C. 56, 122 S.E. 2d 761 (1961). Where there is a full, complete and adequate remedy at law, the equitable remedy of injunction will not lie. *Durham v. Public Service Co.*, 257 N.C. 546, 126 S.E. 2d 315 (1962); *Whitford v. Bank*, 207 N.C. 229, 176 S.E. 740 (1934). In *Durham*, the Supreme Court held it was error to enjoin the Public Service Company from collecting increased rates for natural gas while the petition for the increased rates was pending. Customers of the gas company in the city of Durham could sue for return of any excess payments if the rate was not approved.

The relief ordered by the court in this case is a mandatory injunction, requiring defendants to pay the determined arrearages and to continue payment of bills for water and sewage services in the future. Ordinarily, a mandatory injunction will not issue except where the threatened injury is immediate, pressing, irreparable and clearly established. *Highway Com. v. Brown,* 238 N.C. 293, 77 S.E. 2d 780 (1953). In order for a preliminary mandatory injunction to be issued, there must generally be a clear showing of substantial injury to plaintiff if the existing status is allowed to continue till final hearing. *Lloyd v. Babb,* 296 N.C. 416, 251 S.E. 2d 843 (1979).

In *Clinard v. Lambeth,* 234 N.C. 410, 418, 67 S.E. 2d 452, 458 (1951), we find:

> "A mandatory injunction requires the party enjoined to do a positive act, and since this may require him to destroy or remove certain property, which upon a final hearing he may be found to have the right to retain, it is not so frequently used as a temporary or preliminary order. As a rule such an order will not be made as a preliminary injunction, except where the injury is immediate, pressing, irreparable and clearly established, or the party has done a particular act in order to evade an injunction which he knew had been or would be issued. As a final decree in the case it would be issued as a writ to compel compliance in the nature of an execution ... The mandatory injunction is distinguished from a mandamus, in that the former is an equitable remedy operating upon a private person, while the latter is a legal writ to compel the performance of an official duty." McIntosh's N.C. P. & P. in Civil Cases, Sec. 851, p. 972.

An injury is considered irreparable when money alone cannot compensate for it. *Gause v. Perkins,* 56 N.C. 177 (1857); *Frink v. Board of Transportation,* 27 N.C. App. 207, 218 S.E. 2d 713 (1975).

Applying these rules of law to this case, we do not find the injuries plaintiff complains of to be so pressing, immediate, irreparable and clearly established as to justify the extraordinary equitable remedy of a preliminary mandatory injunction. If plaintiff is successful in its suit, it can be fully compensated by money damages. We note that plaintiff has a right under its

contract with Parkwood to discontinue supplying water to Parkwood upon nonpayment of water or sewage charges. Plaintiff has elected to waive this right, unless sanctioned by the court, for the general welfare of the people involved, a laudable action on its part. However, it cannot by waiving a legal right create a condition of irreparable harm for the purpose of procuring the issuance of a mandatory injunction.

Plaintiff has the burden of establishing the necessary preliminary equities for the extension of this equitable relief. *Herff Jones Co. v. Allegood*, 35 N.C. App. 475, 241 S.E. 2d 700 (1978). The facts found by the trial court do not support its conclusion of irreparable injury to plaintiff. The trial court erred in issuing the preliminary mandatory injunction.

That portion of the trial court's order making Royal Oaks Sanitary District an additional party to the action is affirmed. The pleadings raise a genuine controversy between Royal Oaks and Parkwood which cannot be conclusively resolved without Royal Oaks as a party. N.C. Gen. Stat. 1A-1, Rule 19(b).

Likewise, we affirm that portion of the court's order requiring plaintiff to continue furnishing water and sewage services to defendants pending the final determination of the action. Plaintiff has judicially stipulated that the interruption of these services by plaintiff would be hazardous to the health of the public and constitute irreparable harm to defendants and their customers.

That portion of the order filed 25 January 1980, in the nature of a preliminary mandatory injunction, requiring defendants to pay the arrearages for past sewage and water charges and ordering them to continue paying for such services in the future, is vacated. The remainder of the order is affirmed and the cause is remanded to the Superior Court of Cabarrus County.

In our discretion we order the costs of the appeal to be taxed equally between plaintiff and defendants. Rule 35(a), N.C.R. App. Proc.

Vacated in part and affirmed in part.

Judges HEDRICK and MARTIN (Robert M.) concur.