WILLIAM I. HOPPER v. CLARENCE E. MASON AND WIFE, ELIZABETH MASON

No. 8430SC473

(Filed 20 November 1984)

Appeal and Error § 6.2— preliminary injunction—no immediate appeal
    Defendants had no right to appeal an order granting a preliminary injunction when they will not be harmed while the injunction is enforced pending trial on the merits. G.S. 1-277; G.S. 1A-1, Rule 65.

APPEAL by defendants from *Burroughs, Judge.* Order entered 3 April 1984 in Superior Court, MACON County. Heard in the Court of Appeals 24 October 1984.

Plaintiff sued defendants for permanent injunctive relief and for damages resulting from the excavation of rock and soil from defendants' land which allegedly formed the lateral support of plaintiff's property. The court imposed a preliminary injunction against defendants pending an adjudication of the merits. Defendants seek to set aside the injunction.

The preliminary injunction prohibits the removal of any additional rock or soil from defendants' property. The injunction consisted of detailed findings of fact and conclusions of law and subsequently stated:

It is, therefore, ORDERED AND ADJUDGED as follows:

That a preliminary injunction is hereby ordered and issued against Defendants, their assigns, heirs and successors, and such preliminary injunction shall be continued until the hearing on the merits or further order of this Court.

Plaintiff shall post bond in the amount of $200.00.

At the hearing Mr. Mason was asked: "Do you have any objection to the status quo being maintained, that is, no removal of dirt for several months until this case can be tried . . .?" In response, he stated, "I don't see anything wrong with waiting for a reasonable amount of time." Defendants were in the practice of merely allowing contractors to remove the soil and, since 1980, had neither received nor expected payment in exchange. Defendants nevertheless seek to vacate the injunction on appeal.

*Herbert L. Hyde, for defendant appellant.*

*Mayer & Magie, by Roderic G. Magie, for plaintiff appellee.*

VAUGHN, Chief Judge.

Defendants object to the preliminary injunction on two grounds. Defendants first contend that the injunctive order is not specific in its terms and does not properly describe the act or acts to be enjoined. G.S. 1A-1, Rule 65(d). *See, e.g. Gibson v. Cline*, 28 N.C. App. 657, 222 S.E. 2d 478 (1976); *Resources, Inc. v. Insurance Co.*, 15 N.C. App. 634, 190 S.E. 2d 729 (1972). They suggest that this required specificity must be contained in the decretal portion of the injunction. Defendants also claim that the trial court erred in setting plaintiff's bond at $200. The record reveals that the trial judge mistakenly assumed that a bond in that amount was required by statute. Defendants contend that the court thereby failed to exercise any discretion whatsoever and that this failure is fatal to the validity of the order. *Keith v. Day*, 60 N.C. App. 559, 299 S.E. 2d 296 (1983).

The merits of defendants' claim are not before us. As a threshold issue, it is clear that an appeal does not lie from Judge Burroughs' order granting the preliminary injunction. A "preliminary injunction" is an interlocutory injunction issued after notice and hearing which restrains a party pending trial on the merits. G.S. 1A-1, Rule 65; *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975); *Setzer v. Annas*, 286 N.C. 534, 212 S.E. 2d 154 (1975). G.S. 1-277, in turn, provides that no appeal lies from an interlocutory order unless such ruling or order deprives an appellant of a "substantial right" which may be lost if appellate review is disallowed. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980); *Pruitt, supra.*

In the present case, defendants will not be harmed while the injunction is enforced pending trial. At the hearing, Mr. Mason stated that he "[didn't] see anything wrong with waiting for a reasonable amount of time" before soil removal operations could resume. Defendants have simply been asked to temporarily withdraw their permission for the gratuitous removal of soil by third parties. *Cf. Ball v. Ball*, 55 N.C. App. 98, 284 S.E. 2d 555 (1981) (preliminary injunction requiring appellants to allow a neutral third party to enter their land does not involve a substantial right and is not appealable).

We recognize that the language of an injunctive order may be so unclear that a party is, in good faith, unable to follow the trial court's directives in the absence of clarifying instructions. This factor, however, is not present in the case before us. Defendants are clearly aware of what is expected of them. In the absence of either confusion or harm, real or threatened, these defendants will not be permitted to challenge this interlocutory injunctive order on appeal.

Appeal dismissed.

Judges BRASWELL and EAGLES concur.