VISIONAIR, INC., PLAINTIFF v. DOUGLAS S. JAMES AND COLOSSUS INCORPORATED D/B/A INTERACT PUBLIC SAFETY SYSTEMS, DEFENDANTS

No. COA03-1453

(Filed 21 December 2004)

**1. Injunctions— preliminary—likelihood of success—non-compete agreement—overbroad**

A plaintiff seeking a preliminary injunction to enforce a non-compete agreement did not demonstrate a likelihood of success on the merits where the agreement was overbroad and not enforceable.

**2. Injunctions— preliminary—likelihood of success—breach of agreement—conclusory allegations**

A plaintiff seeking a preliminary injunction to enforce a non-compete agreement did not demonstrate a likelihood of success on the merits where plaintiff alleged that defendant would immediately breach the agreement, but did not allege supporting facts.

**3. Injunctions— preliminary—likelihood of success—misappropriation of trade secrets—allegations too general**

A plaintiff seeking a preliminary injunction to enforce a non-compete agreement did not demonstrate a likelihood of success on the merits on a claim for misappropriation of trade secrets. Plaintiff's allegations were general and did not identify with specificity the trade secrets allegedly misappropriated.

Appeal by Plaintiff from order entered 3 April 2003 by the Honorable Ernest B. Fullwood, in Superior Court, New Hanover County. Heard in the Court of Appeals 30 August 2004.

*Wyrick Robbins Yates & Ponton L.L.P., by K. Edward Greene and Kathleen A. Naggs, for plaintiff-appellant.*

*Wessel & Raney, L.L.P., by W. A. Raney, Jr., and McGuire, Wood & Bissette, P.A., by Joseph P. McGuire, for defendant-appellees.*

WYNN, Judge.

Plaintiff VisionAIR, Inc. appeals from an order of the trial court denying its motion for a preliminary injunction in an action filed against Defendants Douglas James and Colossus Incorporated d/b/a/ InterACT Public Safety Systems (collectively "Defendants"). VisionAIR contends the trial court erred in denying its motion for a preliminary injunction because VisionAIR is likely to succeed on the merits of its claims that James violated employment and non-disclosure agreements, that InterACT tortiously interfered with contract, and that Defendants misappropriated VisionAIR's trade secrets and engaged in unfair trade practices, unfair competition, and civil conspiracy. VisionAIR further contends it will suffer irreparable harm unless an injunction is issued. For the reasons set forth herein, we affirm the trial court's denial of a preliminary injunction.

The procedural and factual history of the instant appeal is as follows: VisionAIR is a software company that develops support products for public safety agencies. From September 1996 through March

2003, VisionAIR employed James, by the end of his tenure, as a software architect. On 26 September 1996, VisionAIR and James executed an Employment Agreement that included a restrictive covenant prohibiting James from "sell[ing] or develop[ing] any software products which will directly or indirectly compete with any of the Employer's software products" and "own[ing], manag[ing], be[ing] employed by or otherwise participat[ing] in, directly or indirectly, any business similar to Employer's . . . within the Southeast" during James's employ with VisionAIR and for two years thereafter. The Employment Agreement also included provisions prohibiting the disclosure of VisionAIR's trade secrets and mandating the surrender of VisionAIR's trade secrets upon the termination of James's employment. On 21 August 2002, VisionAIR and James executed a Non-Disclosure Agreement preventing James from disclosing VisionAIR's "confidential information." Under the Non-Disclosure Agreement, "confidential information" included "all information about Employer and its business, products, and services, furnished to the Employee[.]"

In March 2003, James left VisionAIR to become a senior software engineer at InterACT, another software company active in providing products to law enforcement agencies. On 20 March 2003, VisionAIR filed a complaint and motion for a temporary restraining order, preliminary injunction, permanent injunction, damages, and expedited discovery, claiming breach of the Employment Agreement, breach of the Non-Disclosure Agreement, tortious interference with contract, misappropriation of trade secrets, unfair trade practices, common law unfair competition, civil conspiracy, and injunctive relief. On 20 March 2003, the trial court granted VisionAIR's motion for a temporary restraining order prohibiting James from performing services and developing products at InterACT or any other VisionAIR competitor and disclosing or using VisionAIR's trade secrets to the benefit of InterACT or any other VisionAIR competitor. However, on 3 April 2004, the trial court ordered the temporary restraining order dissolved and denied VisionAIR's motion for a preliminary injunction because VisionAIR had failed to make a sufficient showing of likelihood of success on the merits of its claims. Plaintiff appealed from this order.

---

VisionAIR argues on appeal that the trial court erred in denying its motion for preliminary injunction because VisionAIR is likely to succeed on the merits of its claims and because VisionAIR will suffer irreparable harm unless an injunction is issued. For the reasons stated below, we affirm the decision of the trial court.

A preliminary injunction is interlocutory and thus generally not immediately reviewable. *A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983); *N.C. Farm P'ship v. Pig Improvement Co.*, 163 N.C. App. 318, 321, 593 S.E.2d 126, 129 (2004). An appeal may be proper, however, in cases, including those involving trade secrets and non-compete agreements, where the denial of the injunction "deprives the appellant of a substantial right which he would lose absent review prior to final determination." *A.E.P. Indus., Inc.*, 308 N.C. at 400, 302 S.E.2d at 759; *see also, e.g., Hopper v. Mason*, 71 N.C. App. 448, 450, 322 S.E.2d 193, 194 (1984) ("no appeal lies from an interlocutory order unless such ruling or order deprives an appellant of a 'substantial right' which may be lost if appellate review is disallowed").

Accordingly, in this case, we review the trial court's denial of a preliminary injunction only as to VisionAIR's claims for breach of the Employment Agreement, and specifically the non-compete provisions therein, breach of the Non-Disclosure Agreement, and misappropriation of trade secrets, as these arguably encompass substantial rights that might be lost absent immediate review. *A.E.P. Indus., Inc.*, 308 N.C. at 406-08, 302 S.E.2d at 762-63; *Kennedy v. Kennedy*, 160 N.C. App. 1, 5-6, 584 S.E.2d 328, 331 (2003); *Barr-Mullin, Inc. v. Browning*, 108 N.C. App. 590, 594, 424 S.E.2d 226, 228-29 (1993). VisionAIR's claims for tortious interference with contract, unfair trade practices, unfair competition, and civil conspiracy, and Assignments of Error Nos. 1, 5, 6, and 7, and Cross Assignment of Error No. 7 as they relate to those claims, will not escape review but for interlocutory appeal and thus are not addressed here. *C.f. A.E.P. Indus., Inc.*, 308 N.C. at 406, 302 S.E.2d at 762 (order denying injunction generally proper where adequate remedy at law is available); *Bd. of Light and Water Comm'rs of the City of Concord v. Parkwood Sanitary Dist.*, 49 N.C. App. 421, 423, 271 S.E.2d 402, 404 (1980) ("Where there is a full, complete and adequate remedy at law, the equitable remedy of injunction will not lie.").

The standard of review from a preliminary injunction is "essentially *de novo*." *Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984). Nevertheless "a trial court's ruling on a motion for a preliminary injunction is presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous." *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003); *see also DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 578, 561 S.E.2d 276, 281-82 (2002) (trial court deci-

sion to issue or deny an injunction will be upheld where there is "competent evidence" to support the decision).

Because a preliminary injunction is "an extraordinary measure," it will issue only upon the movant's showing that: (1) there is a *"likelihood* of success on the merits of his case;" and (2) the movant will likely suffer "irreparable loss unless the injunction is issued[.]" *Ridge Cmty. Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977); *A.E.P. Indus., Inc.*, 308 N.C. at 401, 302 S.E.2d at 759.

In this case, the order being challenged denied VisionAIR's motion for a preliminary injunction based on VisionAIR's failure to establish the likelihood of success on the merits. We therefore review VisionAIR's likelihood of success on the merits.

*A.  Breach of the Employment Contract's Non-Compete Covenant*

(Assignments of Error Nos. 1, 2, 4, 5, and 7; Cross Assignments of Error Nos. 1 and 7)

[1] We first determine whether VisionAIR has demonstrated a likelihood of success on its claim for breach of the Employment Agreement's non-compete covenant. "Covenants not to compete between an employer and employee are 'not viewed favorably in modern law.'" *Farr Assocs., Inc. v. Baskin*, 138 N.C. App. 276, 279, 530 S.E.2d 878, 881 (2000) (quoting *Hartman v. W. H. Odell and Assocs., Inc.*, 117 N.C. App. 307, 311, 450 S.E.2d 912, 916 (1994)). To be valid, the restrictions on the employee's future employability by others "must be no wider in scope than is necessary to protect the business of the employer." *Manpower of Guilford County, Inc. v. Hedgecock*, 42 N.C. App. 515, 521, 257 S.E.2d 109, 114 (1979) (citations omitted). If a non-compete covenant "is too broad to be a reasonable protection to the employer's business it will not be enforced. The courts will not rewrite a contract if it is too broad but will simply not enforce it." *Whittaker Gen. Med. Corp. v. Daniel*, 324 N.C. 523, 528, 379 S.E.2d 824, 828 (1989) (citations omitted).

Here, the non-compete covenant in the Employment Agreement is overbroad and therefore not enforceable. Notably, the covenant states that James may not "own, manage, be employed by or otherwise participate in, directly or indirectly, any business similar to Employer's . . . within the Southeast" for two years after the termination of his employ with VisionAIR. Under this covenant James would not merely be prevented from engaging in work similar to that which he did for VisionAIR at VisionAIR competitors; James would

be prevented from doing even wholly unrelated work at any firm similar to VisionAIR.[1] Further, by preventing James from even "indirectly" owning any similar firm, James may, for example, even be prohibited from holding interest in a mutual fund invested in part in a firm engaged in business similar to VisionAIR. Such vast restrictions on James cannot be enforced. *See, e.g., Henley Paper Co.*, 253 N.C. at 534-35, 117 S.E.2d at 434 (non-compete covenant may not restrict too many activities).

Moreover, the non-compete covenant also prohibits James from "sell[ing] or develop[ing] any software products which will directly or indirectly compete with any of the Employer's software products" for two years after the termination of his employ with VisionAIR. This broad restriction would prevent James from engaging in sales, work unrelated to that which he did for VisionAIR, as well as from developing products that, while competitive with VisionAIR's, may, for example, be based on technology wholly unrelated to that upon which VisionAIR's products are based. Again, these broad restrictions cannot be enforced. *See, e.g., Hartman*, 117 N.C. App. at 317, 450 S.E.2d at 920 (non-compete agreement may not restrict a party from unrelated work for a potential competitor).

Because the non-compete covenant in the Employment Agreement is overbroad and thus unenforceable, VisionAIR has not demonstrated likely success on the merits as to its claim for breach of that covenant. *See Elec. S., Inc. v. Lewis*, 96 N.C. App. 160, 165, 385 S.E.2d 352, 355 (1989) (to show likelihood of success on the merits, party must show that the non-compete covenant is enforceable).

---

1. We recognize that in *Precision Walls, Inc. v. Servie*, 152 N.C. App. 630, 638, 568 S.E.2d 267, 273 (2002), this Court held that a non-compete covenant may restrict an employee from all employment with competitors. However, the *Precision Walls, Inc.* opinion also states that "we conclude that it is within plaintiff's legitimate business interest to prohibit defendant from working in an ***identical position*** with a competing business." *Id.* (emphasis added). Moreover, the restrictions on the employee in *Precision Walls, Inc.* were for only one year and in only two states, as opposed to two years and an entire region here. *Id.* Notably, in other cases, such as *Hartman*, 117 N.C. App. at 317, 450 S.E.2d at 920, this Court recognized the problem with such all-encompassing restrictions and held that an employee could not be prohibited from working in an unrelated capacity for another business in the same field. *Hartman*, 117 N.C. App. at 317, 450 S.E.2d at 920 (non-compete covenant is "overly broad in that, rather than attempting to prevent plaintiff from competing for [] business, it requires plaintiff to have no association whatsoever with any business that provides [similar] services. . . . Such a covenant would appear to prevent plaintiff from working as a custodian for any 'entity' " providing such services); *see also Henley Paper Co. v. McAllister*, 253 N.C. 529, 534-35, 117 S.E.2d 431, 434 (1960) (non-compete covenant overbroad and unenforceable where it "excludes the defendant from too much territory and from too many activities").

### B. Breach of the Non-Disclosure Agreement
### (Assignments of Error Nos. 1, 2, 4, 5, and 7; Cross Assignment of Error No. 1)

[2] We next determine whether VisionAIR has demonstrated likely success on its claim for breach of the Non-Disclosure Agreement. To state a claim for breach of the Non-Disclosure Agreement, "as in any other contract case—the complaint must allege . . . *the facts constituting the breach*[.]" *RGK, Inc. v. U.S. Fid. & Guar. Co.*, 292 N.C. 668, 675, 235 S.E.2d 234, 238 (1977); *see also, e.g., Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (plaintiff must allege "the facts constituting the breach").

In its complaint, VisionAIR alleged that James had breached, or would immediately breach, the Non-Disclosure Agreement in the course of his employment with InterACT. VisionAIR has, however, neither alleged facts supporting the alleged breach, nor specified confidential information James shared with InterACT or any other party. VisionAIR's conclusory statements are insufficient to state a claim for breach of the Non-Disclosure Agreement. *See FMC Corp. v. Cyprus Foote Mineral Co.*, 899 F. Supp. 1477, 1484 (W.D.N.C. 1995) (likelihood of success on the merits of breach of confidentiality contract not shown where plaintiff described confidential information and alleged breach only in general terms).

Because VisionAIR has failed to state facts supporting the alleged breach of the Non-Disclosure Agreement, VisionAIR has not demonstrated likely success on the merits as to its claim for breach of that agreement.

### C. Misappropriation of Trade Secrets
### (Assignments of Error Nos. 1, 3, and 5; Cross Assignment of Error No. 2)

[3] We next determine whether VisionAIR has demonstrated likelihood of success on its claim for misappropriation of trade secrets. The North Carolina Trade Secrets Protection Act provides that "actual or threatened misappropriation of a trade secret may be preliminarily enjoined during the pendency of the action and shall be permanently enjoined upon judgment finding misappropriation." N.C. Gen. Stat. § 66-154(a) (2003). To plead misappropriation of trade secrets, "a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether mis-

appropriation has or is threatened to occur." *Analog Devices, Inc.*, 157 N.C. App. at 468, 579 S.E.2d at 453 (citations omitted); *see also FMC Corp.*, 899 F. Supp. at 1484 (preliminary injunction inappropriate where trade secret described only in general terms and where evidence of blatant misappropriation not shown).

In its complaint, VisionAIR made general allegations that James's employment at InterACT has or will immediately engender misappropriation of trade secrets. VisionAIR has failed to identify with any specificity the trade secrets allegedly misappropriated, mentioning only broad product and technology categories. VisionAIR's sweeping and conclusory statements are insufficient to state a claim for misappropriation of trade secrets. *See Analog Devices, Inc.*, 157 N.C. App. at 469-70, 579 S.E.2d at 454 (injunction properly denied where only general areas of research were identified as trade secrets and an absolute bar to activity in those areas was sought).

Because VisionAIR has failed to identify specific trade secrets allegedly misappropriated, VisionAIR has not demonstrated likely success on the merits as to its claim for misappropriation of trade secrets.

Because VisionAIR has failed to show its likely success on the merits of its claims subject to interlocutory review—a required element for a preliminary injunction—we do not reach the question of whether VisionAIR established irreparable harm (Cross Assignment of Error Number 4). *See, e.g., Redlee/SCS, Inc. v. Pieper*, 153 N.C. App. 421, 423, 571 S.E.2d 8, 11 (2002) (plaintiff must show likelihood of success on the merits for preliminary injunction to issue); *Ridge Cmty. Investors, Inc.*, 293 N.C. at 701, 239 S.E.2d at 574 (same); *A.E.P. Indus., Inc.*, 308 N.C. at 401, 302 S.E.2d at 759 (same).

In sum, we affirm the trial court's denial of the preliminary injunction. We therefore do not address James's and InterACT's Cross-Assignments of Error Numbers 3 (that VisionAIR materially breached the Employment Agreement, thereby excusing James's alleged breach), 5 (that James would suffer extreme hardship if a preliminary injunction were issued), and 6 (that issuing a preliminary injunction would hamper improvements for law enforcement and homeland security).[2]

---

2. We note that our affirming the trial court's decision moots Defendants' motion to strike VisionAIR's Reply Brief.

Affirmed.

Chief Judge MARTIN and Judge McGEE concur.