NO. COA14-975

NORTH CAROLINA COURT OF APPEALS

Filed: 17 February 2015

MONICA WILSON and WILSON LAW GROUP
PLLC,
     Plaintiffs,

v.                                      Wake County
                                        No. 14 CVS 2499
NORTH CAROLINA DEPARTMENT OF
COMMERCE; NC DEPARTMENT OF
COMMERCE; DIVISION OF EMPLOYMENT
SECURITY; SHARON ALLRED DECKER, in
her capacity as Secretary of
Commerce; and DALE R. FOLWELL, in
his capacity as Assistant
Secretary of Employment Security,
     Defendants.


Appeal by defendants from order entered 13 March 2014 by

Judge Paul C. Ridgeway in Wake County Superior Court.  Heard in

the Court of Appeals 7 January 2015.


    *Law Office of James C. White, P.C., by James C. White and
    Michelle M. Walker, for plaintiffs-appellees.*

    *The North Carolina Department of Commerce Division of
    Employment Security, by Ted Enarson and Jeremy L. Ray, for
    defendants-appellants.*


    INMAN, Judge.


Defendants appeal the order granting plaintiffs a

preliminary injunction compelling the disclosure of unemployment

hearings information.  Defendants contend that the interlocutory

order is immediately appealable because it involves a substantial right. Furthermore, they allege that the trial court erred in entering the preliminary injunction because plaintiffs are unable to show a likelihood of success on the merits because federal law prohibits the disclosure of the unemployment appeals hearing notices. In contrast, plaintiffs argue that the appeal should be dismissed not only because it is moot but also because it is interlocutory and does not affect a substantial right. In the alternative, plaintiffs contend that the order should be affirmed because it was decided correctly under the law in effect at the time of the hearing.

After careful review, we vacate the order and remand for the trial court to enter additional findings and conclusions not inconsistent with this opinion.

**Factual and Procedural Background**

This appeal involves the North Carolina Division of Employment Security's ("DES's") decision to terminate its practice of providing third parties, specifically plaintiffs Monica Wilson ("Ms. Wilson") and her law firm Wilson Law Group PLLC ("WLG") (collectively, Ms. Wilson and WLG are referred to as "plaintiffs"), with daily access to appeals hearing notices about unemployment claimants (the "hearing notices"). The

hearing notices listed all scheduled hearings set before DES appeals referees and hearing officers and provided various information about each claimant, including, among other things, the claimant's name, address, phone number, information about her termination, and the last four digits of her social security number. Since 2004, Ms. Wilson and several other attorneys received daily hearing notices from DES in exchange for a monthly fee of $300. Ms. Wilson picked her copy up daily via courier from DES because the notices provided only 14 days notice of the scheduled hearings.

On 26 February 2014, in addition to the day's hearing notices, DES sent Ms. Wilson an undated letter stating:

> Due to security concerns, the process of entering [DES] through the back door of our building near the mail room and outside our security guards [sic] knowledge will no longer be allowed after February 28th. I understand the process of allowing attorneys to pick up appeals hearing notices was established by a former DES General Counsel years ago, but for the safety of our employees and constituents, this will end.

The letter went on to say that the hearing notices would be sent to the law offices "at least three times per month" and that the monthly cost would increase from $300 to $600. The letter was signed by defendant Dale R. Folwell ("Mr. Folwell"), the Assistant Secretary of DES. According to plaintiffs, this

change negatively impacted claimants' ability to obtain counsel which resulted in an unfair advantage for employers.

On 28 February 2014, plaintiffs filed a complaint and request for injunctive relief against DES, Mr. Folwell, the North Carolina Department of Commerce, and Sharon Decker ("Ms. Decker"), the Secretary of Commerce (collectively, these parties are referred to as "defendants") challenging the withholding of daily hearing notices.[1]  Plaintiffs claimed that defendants violated Chapter 132 of the General Statutes, commonly referred to as North Carolina's Public Records Act.  Plaintiffs alleged that the daily hearing notices constituted public records under N.C. Gen. Stat. § 132-6(a) and that they were entitled to injunctive relief compelling DES to provide copies of the daily hearing notices.  Plaintiffs further contended that they were entitled to expedited discovery and to compensation from defendants for their attorneys' fees.

---

[1] During the pendency of this appeal, Sharon Decker resigned her position as Secretary of Commerce. This change does not render plaintiffs' claims moot but may lead to an amendment of the pleadings with regard to acts or omissions after her departure date.  *See* N.C. Gen. Stat. § 1A-1, Rule 25(f) (2013) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party.").

Plaintiffs' request for a temporary restraining order ("TRO") was heard by Judge Michael Morgan on 3 March 2014. After concluding that plaintiffs were likely to prevail on their claim that DES's refusal to provide the hearing notices constituted a violation of section 132-6(a), the trial court issued a TRO and scheduled a preliminary injunction hearing.

On 10 March 2014, plaintiffs' petition for a preliminary injunction came on for hearing before Judge Paul Ridgeway. Counsel for the respective parties submitted affidavits, exhibits, and arguments, and the trial court took the matter under advisement.

On 13 March, the trial court issued an order concluding that plaintiffs had met their burden of proving the likelihood that they would succeed in their public records claim and that injunctive relief was necessary to protect plaintiffs' rights until the matter could be resolved. Furthermore, the trial court required defendants to allow any person access to DES headquarters "for the purposes of picking up copies of hearing notices generated that day in accordance with that person's previous request."

Defendants timely appealed. On 27 May 2014, defendants filed a petition for writ of supersedeas to stay the trial

court's 13 March 2014 order pending outcome of the appeal, which petition this Court granted.

During the pendency of this appeal, on 25 August 2014, the General Assembly enacted Session Law 2014-117, "An Act to Clarify the Confidentiality of Unemployment Compensation Records," providing that unemployment appeal hearing notices are "confidential information" and are specifically exempt from the Public Records Act.

## Analysis

### I.  Jurisdiction

Initially, we must determine whether the interlocutory preliminary injunction is immediately appealable.  *See generally A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983) (noting that "[a] preliminary injunction is interlocutory in nature, issued after notice and hearing, which restrains a party pending final determination on the merits" and is not immediately appealable absent a showing that it involves a substantial right).  This Court has held that interlocutory orders requiring the disclosure of information that an appellant claims constitutes trade secrets, *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003), and orders mandating the disclosure of information that a party

asserts is protected by a statutory privilege, *Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999), are immediately appealable. We conclude that the preliminary injunction order at issue here similarly affects a substantial right because the order requires the disclosure of information that defendants contend constitutes confidential information under both state and federal law and because defendants allege that this disclosure could result in the loss of federal administrative funding. Consequently, the preliminary injunction is immediately appealable.

## II. Mootness

Next, we must address plaintiffs' contention that, in light of the amendment to section 96-4(x), defendants' appeal is moot. Although an amendment to a statute may render an appeal moot, *see Davis v. Zoning Bd. of Adjustment of Union Cnty.*, 41 N.C. App. 579, 582, 255 S.E.2d 444, 446 (1979), statutory amendment does not moot an appeal when the relief sought has not been granted or the questions originally in controversy are still at issue, *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978) ("Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at

issue, the case should be dismissed."). *See also Lambeth v. Town of Kure Beach*, 157 N.C. App. 349, 352, 578 S.E.2d 688, 690 (2003).

Here, N.C. Gen. Stat. 96-4(x) was amended in August 2014 specifically to classify the hearing notices as confidential information and exempt them from the public records disclosure requirements of state law. While the language of the amendment appears to go to the heart of plaintiffs' claims, it is plaintiffs' contention that the amendment substantially changes the statute and therefore is not retroactive. *See Ray v. N.C. Dep't of Transp.*, 366 N.C. 1, 9, 727 S.E.2d 675, 682 (2012) (distinguishing between clarifying amendments that apply both to cases brought after the statute's effective dates and to cases pending before the courts when the amendment is adopted and substantive amendments where "the effective date appl[ies]"). Thus, plaintiffs' position is still that, based on the 2013 version of section 96-4(x), at least with respect to hearings scheduled prior to the statutory amendment, they were entitled to disclosure of daily hearing notices and to recover their attorneys' fees incurred in enforcing their right. The statutory amendment does not provide plaintiffs the relief they sought: compelled disclosure of the hearing notices prior to the August

2014 amendment and attorneys' fees for enforcing that right. Accordingly, the amendment of N.C. Gen. Stat. § 96-4(x) has not mooted the appeal.

**III.   Standard of Review**

Our standard of review from a preliminary injunction is "essentially *de novo.*" *VisionAIR, Inc. v. James*, 167 N.C. App. 504, 507, 606 S.E.2d 359, 362 (2004).  However, the trial court's ruling is "presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous." *Id.*  Generally, on appeal from an order granting or denying a preliminary injunction, "an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself."  *A.E.P. Indus.*, 308 N.C. at 402, 302 S.E.2d at 760.  However, the Court may vacate an injunctive order and remand to the trial court for entry of additional findings where the order's findings fail to make all necessary determinations.  *See N. Star Mgmt. of Am., LLC v. Sedlacek*, __ N.C. App. __, __, 762 S.E.2d 357, 363 (2014) (vacating the trial court's preliminary injunction order and remanding for further proceedings because the trial court failed to make findings as to the reasonableness of the geographic scope and prohibited activities of a non-compete agreement); *Conrad v. Jones*, 31 N.C.

App. 75, 79, 228 S.E.2d 618, 620 (1976) (vacating a permanent injunction and remanding for the trial court to make findings as to the plaintiff's interest in the property allegedly being trespassed upon).

**IV. Analysis**

A preliminary injunction is "an extraordinary measure" and will only issue:

> (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*Ridge Cmty. Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (alteration in original). Pursuant to Rule 65(d), an order granting injunctive relief must, among other things, "set forth the reasons for its issuance [and] shall be specific in terms[.]" N.C. Gen. Stat. § 1A-1, Rule 65(d) (2013). This Court has interpreted Rule 65(d) to require the trial court to "adequately set forth findings that succinctly state[] the reasons for the issuance of the injunction[.]" *Staton v. Russell*, 151 N.C. App. 1, 12, 565 S.E.2d 103, 109-110 (2002). With regard to plaintiffs' likelihood of success on the merits, here, the trial court

concluded that "[p]laintiffs have met their burden, for the purposes of this Preliminary Injunction, of proving that there is probable cause the [p]laintiffs will be able to established [sic] their asserted rights under the North Carolina Public Records Law at the trial of this matter." Defendants contend that this conclusion is erroneous because: (1) under the 2013 version of N.C. Gen. Stat. § 96-4(x), any disclosure of confidential unemployment information must be consistent with federal law; (2) federal regulations—specifically, 20 C.F.R. §§ 603.2(a) and 603.4(b)—prohibit the disclosure of the hearing notices because they contain the name of the employee and employer, addresses, and the reasons for the claim; (3) the hearing notices do not fall within any exception to the federal regulations' general prohibition on disclosure of confidential information; and (4) the United States Department of Labor intended the federal regulations to set the minimum requirements on the confidentiality of unemployment information.

At the preliminary injunction hearing, defendants argued that the disclosure of the hearing notices violated federal law and that this violation could "impact [the] grant money that [DES] use[s]" to administer the appeal hearing system. To support their contention, defendants introduced, and the trial

court allowed for the purpose of "explaining what [DES] did upon receipt of [the] letter," a letter from the United States Department of Labor claiming that the practice of selling the hearing information constitutes "a failure to comply substantially with [f]ederal law." Specifically, the letter asserts that the information contained in the hearing notices is confidential and that federal law only permits the disclosure of appeals records and decisions when they are "final."

In addition to involving federal regulations, plaintiffs' claims and DES' defenses require interpretation of two state statutes. North Carolina's Public Records Act, specifically, section 132-6, requires that "in the absence of clear statutory exemption or exception, documents falling within the definition of 'public records' in the Public Records Act must be made available for public inspection[,]" *News & Observer Pub*. *Co*. *v*. *Poole*, 330 N.C. 465, 486, 412 S.E.2d 7, 19 (1992). The second statute, N.C. Gen. Stat. § 96-4, describes the administration, powers, and duties of DES and is the statute amended since the trial court's issuance of the preliminary injunction at issue here.

Prior to its amendment, N.C. Gen. Stat. § 96-4(x) required that any disclosure of unemployment information be consistent

with 20 C.F.R. Part 603, the federal regulations concerning the confidentiality of unemployment insurance information. N.C. Gen. Stat. § 132-6 compels disclosure of public records when there is no statutory exception or exemption. *News & Observer*, 330 N.C. at 486, 412 S.E.2d at 19. Accordingly, to determine whether plaintiffs would likely succeed in their claims, the trial court would necessarily have to consider how the federal regulations affect a person's right to disclosure of the hearing notices under the Public Records Act. Here, the trial court's order does not mention the federal regulations and their bearing, if any, on plaintiffs' public records claim. Such analysis would be necessary before finding whether plaintiffs had a likelihood of success on the merits. Given the absence of any findings on this issue, we must vacate the order and remand for the trial court to make the necessary findings and conclusions addressing plaintiffs' likelihood of success in light of the applicable federal regulations.

In addition to showing a likelihood of success on the merits, a party seeking a preliminary injunction must show either that in the absence of injunctive relief, plaintiffs would suffer an irreparable injury or that injunctive relief is necessary to protect rights that cannot be enforced later,

*A.E.P.*, 308 N.C. at 405, 302 S.E.2d at 761-62 (noting that the second element may be satisfied by either finding).  In this case, the trial court found that because plaintiffs were entitled to receive the hearing notices on a daily basis, injunctive relief was necessary to protect that right.  However, since the trial court must enter additional findings and conclusions as to the first element, this second finding may change.  Consequently, on remand, the trial court should make sufficient findings as to this second element based on its analysis of the interplay between state and federal law.[2]

In addition to making the necessary findings and conclusions discussed above, the trial court also will have to consider the amendment of N.C. Gen. Stat. § 96-4(x) in August 2014, after the trial court's order but before this appeal was heard.  During that time, the General Assembly passed Session Law 2014-117, "An Act to Clarify the Confidentiality of Unemployment Compensation Records."  Prior to this change, section 96-4(x) (2013), which was in effect at the time of plaintiffs' hearing, only required that the disclosure of

---

[2] Because the trial court's order was not based on a finding of irreparable harm and defendants do not put forth any argument on this issue on appeal, we do not address whether plaintiffs would be able to establish irreparable harm in support of their request for injunctive relief.

unemployment information be consistent with 20 C.F.R. Part 603. However, the 2013 version of section 96-4(x) does not specifically exempt unemployment information from North Carolina's Public Records Act nor does it classify that information as "confidential information." The statute was "clarified"[3] in August 2014 to provide that unemployment compensation information constitutes "confidential information" and is exempt from the public records disclosure requirements.

Thus, on remand, the trial court also must determine whether the amendment to N.C. Gen. Stat. § 96-4(x) changed the substance of the statute or merely clarified it, and in turn, whether the amendment applies to plaintiffs' claims for the disclosure of hearing notices created prior to the amendment. *See Ray*, 366 N.C. at 9, 727 S.E.2d at 681 (distinguishing between amendments that change the substance of a statute and those that clarify a statute, and noting that clarifying amendments "apply to all cases pending before the courts when the amendment is adopted, regardless of whether the underlying

---

[3] We note that we use the term "clarified" in quotation marks because the General Assembly titled the session law "An Act to Clarify." We make no determination at this time of whether the amendment constituted a clarifying amendment or a substantial change to the statute, leaving that analysis for the trial court in the first instance.

claim arose before or after the effective date of the amendment").

If the trial court concludes that the amendment is substantive, the trial court's consideration on the merits of plaintiffs' claims will be two-fold. First, whether plaintiffs are entitled to a preliminary injunction for the hearing notices issued before 25 August 2014 will depend on the trial court's analysis discussed above and must include findings and conclusions regarding how the federal regulations affect the disclosure of unemployment information. Second, to determine whether plaintiffs are entitled to a preliminary injunction for the hearing notices issued on 25 August 2014 and afterwards, the trial court must take into consideration the new statutory language of section 96-4(x).

In contrast, if the trial court concludes that the amendment to N.C. Gen. Stat. § 96-4(x) is clarifying, the new version of the statute would apply to plaintiffs' requests for the hearing notices regardless of the fact that the amendment occurred after plaintiffs' claim arose. In other words, the amendment may be used in interpreting the earlier statute. *See Ferrell v. Dep't of Transp.*, 334 N.C. 650, 659, 435 S.E.2d 309, 315 (1993). For purposes of remand, this means that if the

trial court concludes that the amendment is clarifying, it should apply the statute as amended to determine whether plaintiffs  are able to show a likelihood of success on their claims that defendants' refusal to provide access to the hearing notices violates N.C. Gen. Stat. § 132-6(a).

## Conclusion

Based on the foregoing reasons, we vacate the trial court's order granting plaintiffs a preliminary injunction and remand for the trial court to enter necessary findings and conclusions in accordance with this opinion.

VACATED AND REMANDED.

Judges STEELMAN and DIETZ concur.