Justice BEASLEY dissenting.
I dissent from the majority opinion to specifically highlight the problematic and muddled standards for North Carolina plaintiffs seeking to properly plead a claim for misappropriation of trade secrets. In this case this Court considered whether plaintiffs' description *553 of their trade secrets as "original ideas and concepts for dance productions, marketing strategies and tactics, as well as student, client and customer lists and their contact information" was sufficient to put defendants on notice of trade secrets allegedly misappropriated. I believe that a complaint alleging the above is sufficient under our liberal pleading standards to put defendants on notice of the transactions and occurrences at issue.
The majority's reasoning and reliance on various authority conflate the North Carolina standards for Rule 12(b)(6) motions to dismiss, motions for preliminary injunction, and motions for summary judgment as well as other jurisdictions' standards regarding discovery. Notably, the majority relies on cases that are in various procedural postures, and in doing so, the majority validates a heightened pleading standard for a claim in which public disclosure of confidential information is a real concern for plaintiffs. Further, the majority's erroneous affirmation of the trial court's dismissal of this single claim is also the basis for the majority's affirmation of the trial court's dismissal of plaintiffs' unfair and deceptive trade practices and civil conspiracy claims against Metropolitan Ballroom and the Manlys in their individual capacities.[1] Therefore, I respectfully dissent.
The sufficiency of a claim for misappropriation of trade secrets is a matter of first impression for this Court. Generally, the North Carolina pleading standards require a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." N.C.G.S. § 1A-1, Rule 8(a)(1) (2017) (emphases added). This is not a difficult standard **618 for plaintiffs to meet: "The complaint is construed liberally," U.S. Bank Nat'l Ass'n v. Pinkney , 369 N.C. 723, 726, 800 S.E.2d 412, 415 (2017), "view[ing] the allegations as true and ... in the light most favorable to the non-moving party," id. at 726, 800 S.E.2d at 415 (alterations in original) (quoting Kirby v. NC DOT , 368 N.C. 847, 852, 786 S.E.2d 919, 923 (2016) ), and the claim is not dismissed "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief," Holloman v. Harrelson , 149 N.C. App. 861, 864, 561 S.E.2d 351, 353 (2002) (alteration in original) (quoting Dixon v. Stuart , 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987) ), disc. rev. denied , 355 N.C. 748, 565 S.E.2d 665 (2002). Rule 12(b)(6) "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery," Sutton v. Duke , 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) (quoting Am. Dairy Queen Corp. v. Augustyn , 278 F.Supp. 717, 721 (N.D. Ill. 1967) ), such as "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim," Wood v. Guilford County, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).
To sufficiently plead a prima facie claim for misappropriation of trade secrets, a plaintiff must allege defendant (1) "[k]nows or should have known of the trade secret," and (2) "[h]as had a specific opportunity to acquire it for disclosure or use or has acquired, disclosed, or used it without the express or implied consent or authority of the owner." N.C.G.S. § 66-155 (2017). There is no statutory heightened pleading standard for misappropriation of trade secrets, see id. § 1A-1, Rule 9 (2017), and additional guidance from the Court of Appeals on pleading this particular claim rests on cases evaluating the issue from an entirely different procedural posture than a motion to dismiss. In Washburn v. Yadkin Valley Bank & Trust , our Court of Appeals quoted language from VisionAIR, Inc. v. James to establish a pleading standard now propounded by the majority of this Court: " 'a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating,' "
*554 Washburn , 190 N.C. App. 315, 326, 660 S.E.2d 577, 585 (2008) (quoting VisionAIR , 167 N.C. App. 504, 510, 606 S.E.2d 359, 364 (2004) ), disc. rev. denied , 363 N.C. 139, 674 S.E.2d 422 (2009), and "a complaint that makes general allegations in sweeping and conclusory statements, without specifically identifying the trade secrets allegedly misappropriated, is 'insufficient to state a claim for misappropriation of trade secrets,' " id. at 327, 660 S.E.2d at 585-86 (quoting VisionAIR , 167 N.C. App. at 511, 606 S.E.2d at 364 ).
**619 There are two problems with relying on this language from Washburn to establish a pleading standard: (1) this language from VisionAIR is dicta because VisionAIR evaluated the merits of the misappropriation of trade secrets claim for the purposes of issuing a preliminary injunction, see VisionAIR , 167 N.C. App. at 510-11, 606 S.E.2d at 364, and (2) this language from VisionAIR quotes another preliminary injunction case for this proposition, see id. at 511, 606 S.E.2d at 364 (citing Analog Devices, Inc. v. Michalski , 157 N.C. App. 462, 468-70, 579 S.E.2d 449, 453-54 (2003) ).
It is important to note that
[t]he standards under Rule 12(b)(6) are dramatically different than those for issuance of a preliminary injunction. While a motion for a preliminary injunction requires a showing of a likelihood of success on the merits, requiring more than conclusory allegations, it is well established that "[w]ith the adoption of 'notice pleading,' mere vagueness or lack of detail is no longer ground for allowing a motion to dismiss."
Barbarino v. Cappuccine, Inc ., 219 N.C. App. 400, 722 S.E.2d 211, 2012 WL 698373, at *4 (unpublished) (second alteration in original) (quoting Gatlin v. Bray , 81 N.C. App. 639, 644, 344 S.E.2d 814, 817 (1986) ), aff'd per curiam , 366 N.C. 330, 734 S.E.2d 570 (2012). Yet much of the majority's reasoning on this issue conflates not only these two standards, but its reasoning also conflates cases evaluating motions for summary judgment with the issue at hand. See VisionAIR , 167 N.C. App. at 510-11, 606 S.E.2d at 364 (evaluating whether a plaintiff was likely to succeed on the merits of its misappropriation of trade secrets claim in an appeal from an order denying a preliminary injunction); see also Asheboro Paper & Packaging, Inc. v. Dickinson , 599 F.Supp.2d 664, 676-78 (M.D.N.C. 2009) (preliminary injunction); UBS PaineWebber, Inc. v. Aiken , 197 F.Supp.2d 436, 446-48 (W.D.N.C. 2002) (preliminary injunction); Washburn , 190 N.C. App. at 325-27, 660 S.E.2d at 585-86 (applying standard from VisionAIR to a Rule 12(b)(6) motion to dismiss); Analog Devices , 157 N.C. App. at 468-70, 472, 579 S.E.2d at 453-54, 455 (preliminary injunction); Combs & Assocs. v. Kennedy , 147 N.C. App. 362, 370-71, 555 S.E.2d 634, 640 (2001) (summary judgment); NovaCare Orthotics & Prosthetics E., Inc. v. Speelman , 137 N.C. App. 471, 477-78, 528 S.E.2d 918, 922 (2000) (preliminary injunction). Beyond announcing a heightened pleading requirement, the majority now requires evidence at the pleading stage showing the plaintiff took steps to keeps its trade secrets confidential. That has never been the law in North Carolina; the only **620 cases requiring a plaintiff to affirmatively prove efforts to maintain the secrecy of a trade secret were decided at the preliminary injunction or summary judgment stage.
Succeeding on motions for both summary judgment and preliminary injunction require proof on the merits of the claim, while our pleading standards merely require a plaintiff to allege a "short and plain statement of the claim" giving the trial court and the defendant notice of the transactions or occurrences the plaintiff intends to prove. Compare N.C.G.S. § 1A-1, Rule 8(a)(1) with id. § 1A-1, Rule 56(c) (2017) (stating summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law"), and Ridge Cmty. Inv'rs, Inc. v. Berry , 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (explaining a preliminary injunction will issue only upon the movant's showing a "likelihood of success on the merits of his case").
By definition, trade secrets are
business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, *555 method, technique, or process that ... [d]erives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use[,] and ... [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
N.C.G.S. § 66-152(3) (2017). Our Court of Appeals has held that "customer lists and their contact information" constitute trade secrets under the definition established in subsection 66-152(3). Sunbelt Rentals, Inc. v. Head & Engquist Equip. , L.L.C., 174 N.C. App. 49, 55, 620 S.E.2d 222, 227 (2005) (stating that "customer information, preferred customer pricing, employees' salaries, equipment rates, fleet mix information, budget information and structure of the business" constitute trade secrets under the Trade Secrets Protection Act), petition for disc. rev. dismissed , 360 N.C. 296, 629 S.E.2d 289 (2006) ; Area Landscaping, L.L.C. v. Glaxo-Wellcome, Inc ., 160 N.C. App. 520, 525, 586 S.E.2d 507, 511 (2003) (noting that "information regarding customer lists, pricing formulas and bidding formulas can qualify as" a trade secret); State ex rel. Utils. Comm'n v. MCI Telecomms. Corp. , 132 N.C. App. 625, 634, 514 S.E.2d 276, 282 (1999) (concluding that a "compilation of information"
**621 involving customer data and business operations which has "actual or potential commercial value from not being generally known" is sufficient to constitute a trade secret); Drouillard v. Keister Williams Newspaper Servs. , 108 N.C. App. 169, 174, 423 S.E.2d 324, 327 (1992) (concluding customer lists and pricing and bidding formulas can constitute trade secrets), disc. rev. denied and cert. dismissed , 333 N.C. 344, 427 S.E.2d 617 (1993). Because these decisions have recognized that customer lists can constitute trade secrets, it is unreasonable to conclude that a plaintiff cannot rely on these holdings to plead its claims. Nonetheless, the majority again conflates the summary judgment standard, see Combs & Assocs., Inc. , 147 N.C. App. at 368-71, 555 S.E.2d at 639-40, and the preliminary injunction standard, see NovaCare Orthotics , 137 N.C. App. at 477-78, 528 S.E.2d at 922, with the Rule 12(b)(6) motion to dismiss standard by requiring plaintiffs to "come forward with ... evidence to show that [they] took ... special precautions to ensure the confidentiality of [their] customer information."
Further, the Court of Appeals, North Carolina business courts, and federal courts exercising diversity jurisdiction applying North Carolina law have also treated "marketing" strategies as trade secrets. See Med. Staffing Network, Inc. v. Ridgway , 194 N.C. App. 649, 658-59, 670 S.E.2d 321, 328-29 (2009) ; Bldg. Ctr., Inc. v. Carter Lumber, Inc., No. 16 CVS 4186, 2016 WL 6142993, at *4 (N.C. Super. Ct. Mecklenburg County (Bus. Ct.) Oct. 21, 2016) (unpublished); see also Olympus Managed Health Care, Inc. v. Am. Housecall Physicians, Inc., 853 F.Supp.2d 559, 572 (W.D.N.C. 2012) ; Merck & Co. v. Lyon , 941 F.Supp. 1443, 1456-57 (M.D.N.C. 1996). The majority's dismissal of this part of the allegation without additional consideration of these cases is error.
Though there is no support in North Carolina for the premise that "original ideas and concepts for dance productions" constitute trade secrets, there is no authority that they are decidedly not, and similar information has been valued and protected when former employees accept similar employment from competitors. See Amdar, Inc. v. Satterwhite , 37 N.C. App. 410, 413, 416, 246 S.E.2d 165, 166, 168, disc. rev. denied , 295 N.C. 645, 248 S.E.2d 249 (1978) (affirming trial court's award of preliminary injunctive relief prohibiting defendant-dance instructor from accepting employment in any capacity in any dance studio or school, giving instruction on dancing in any form whatsoever, and from competing with the business of the plaintiff in any other way, which included prohibiting the defendant from using or disclosing the plaintiff's trade secrets which included teaching techniques and sales methods). A forecast of the merits of a case like this reveals that **622 performers and businessmen in the variety arts are not likely to receive protection under the Trade Secrets Protection Act because once performed, the productions can be re-created through reverse engineering and are observable by the public. See N.C.G.S. § 66-155 ; see also Sara J. Crasson, *556 The Limited Protections of Intellectual Property Law for the Variety Arts: Protecting Zacchini, Houdini, and Cirque du Soleil , 19 Vill. Sports & Ent. L.J. 73, 77, 111-12 (2012). But in liberally construing the complaint in this case, there is no indication that these productions had actually been performed. The majority is correct that "[t]here is no presumption that a thing is a secret," Arthur Murray Dance Studios of Cleveland, Inc. v. Witter, 105 N.E.2d 685, 709 (Ohio Ct. Com. Pl. 1952) ; however, there is also no presumption that any particular idea has been disclosed.
In Washburn , a case cited by the majority that actually evaluated a complaint under a Rule 12(b)(6) standard (though a heightened standard as per its reliance on VisionAIR ), the complaint's description of trade secrets that led the court to conclude that the claim was not pleaded with sufficient particularity consisted of "confidential client information" and "confidential business information." Washburn , 190 N.C. App. at 327, 660 S.E.2d at 586. These are examples of "sweeping and conclusory" statements that the court intended to fail under Rule 12(b)(6). In contrast, the allegations here provided more specific details regarding both client and business information to more particularly describe the trade secrets as "original ideas and concepts for dance productions, marketing strategies and tactics, as well as student, client and customer lists and their contact information." Because this description is sufficient to put defendants on notice of the transactions and occurrences at issue, I cannot join the majority.
With this case this Court had an opportunity to correct the faulty logic that for over a decade has resulted in the substitution of a preliminary injunction standard for our general pleading standard governing this particular claim. Instead, the majority has validated a heightened pleading standard for a misappropriation of trade secrets claim with no discussion as to why it believes it is necessary to do so. " '[T]he term trade secret is one of the most elusive and difficult concepts in the law to define' and the 'question of whether an item taken ... constitutes a trade secret is of the type normally resolved by a fact finder after a full presentation of evidence from each side.' " Eric D. Welsh, Betwixt and Between: Finding Specificity in Trade Secret Misappropriation Cases (Am. Bar Ass'n, Aug. 20, 2015), http://apps.americanbar.org/litigation/committees/businesstorts/articles/summer2015-0815-specificity-trade-secret-misappropriation-cases.html **623 [hereinafter Betwixt and Between ] (ellipses in original) (quoting Furmanite Am., Inc. v. T.D. Williamson, Inc. , 506 F.Supp.2d 1134, 1141 (M.D. Fla. 2007) (internal quotation marks omitted) ). Because I believe we should not reject plaintiffs' misappropriation of trade secrets claim at this early stage in the proceeding given our notice pleading standard,[2] I respectfully dissent.

Even if the misappropriation of trade secrets claim was sufficiently pleaded, I express no opinion regarding the sufficiency of the pleadings for these additional claims.

An alternative to requiring a heightened pleading standard to protect defendants from unwarranted discovery, while also allowing plaintiffs to proceed with their claim at this early stage, may be to require plaintiffs to identify the trade secret with more specificity prior to discovery. Instead of using Rule 12(b)(6), defendants could challenge the claim "either through a re-sequencing of discovery or a motion for a more definite statement coupled with a stay of discovery." Betwixt and Between .